**Robert Lyle RICE, Petitioner,**

v.

**Ira M. COINER, Warden of the West Virginia State Penitentiary, Respondent.**

**Civ. A. No. C–72–162–E.**

United States District Court,
N. D. West Virginia.

Jan. 11, 1973.

---

Chauncey M. Browning, Jr., Atty. Gen. of W. Va., Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

Petitioner in the above styled civil action is presently incarcerated in the West Virginia State Penitentiary at Moundsville, West Virginia, serving a life sentence imposed by the Circuit Court of Mineral County, West Virginia, on February 7, 1966, following his conviction, by a jury, on a charge of murder.

In accordance with the provisions of 28 U.S.C. § 2241 et seq., Petitioner has filed for federal habeas corpus relief in this Court. Exhaustion of state remedies has apparently been accomplished. Petitioner earlier filed an application for habeas corpus relief with the West Virginia Supreme Court of Appeals on the grounds herein asserted.

■ Petitioner alleges six grounds for relief. In ground three he contends that the arresting officers entered his residence without first securing a search warrant. However from the facts given to support this claim it is clear that Petitioner is actually alleging that the arresting officers lacked an arrest warrant. This ground was previously considered by this Court, Civil Action File No. 71–80–E, and need not be reconsidered. 28 U.S.C. § 2244(a).

In ground five Petitioner alleges that he was denied due process and equal protection of the law at his trial by reason of the prosecuting attorney's statement, during closing argument, that "if any mercy be shown, its by the 1965 Legislature, that the death penalty was abolished." (Transcript of Petitioner's trial, p. 290, incorporated into this action from Rice v. Coiner, 297 F.Supp. 1017(N.D.W.Va.1969)).

■■ This Court does not feel that the statement when considered with the totality of the trial amounted to a constitutional deprivation. "Only where irregularities in the state trial court become so flagrant as to impair fundamental fairness do they become proper allegations to set forth on federal habeas corpus." 297 F.Supp. at 1022. See also Grundler v. North Carolina, 283 F.2d 798 (4th Cir. 1960); United States ex rel. Brown v. Russell, 455 F.2d 464 (3d Cir. 1972). It is not the task of a federal court to sit as an additional state

appellate court and review all errors allegedly committed during a trial. Only those errors which go to the core of the proceedings and taint its fundamental fairness are cognizable in federal habeas corpus. Here, as the trial transcript indicates, there was overwhelming evidence of Petitioner's guilt and the statements made by the prosecuting attorney in no way deprived Petitioner of a basic constitutional right.

 Petitioner's first, second, fourth and sixth grounds essentially allege that there was not sufficient evidence to sustain his conviction and that irrelevant testimony was introduced at his trial. However, in lieu of passing on the merits of these contentions, the Court feels that these contentions are best disposed of by dismissal for abuse of the writ. 28 U.S.C. § 2244(b).

Petitioner, as indicated earlier in this order, previously filed two petitions for habeas corpus relief with this Court and in regard to one petition he was granted an evidentiary hearing. 28 U.S.C. § 2244(b) gives this Court authority to dismiss a petition raising new grounds not presented in an earlier application unless the Court is "satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ." It should be noted that the above section places the justification for the denial of an evidentiary hearing and the petition within the sound discretion of the trial judge.

The only apparent limitation on the trial court, other than the use of sound discretion, is that found in Johnson v. Copinger, 420 F.2d 395 (4th Cir. 1969). *Copinger* requires the Court to inform Petitioner of its intention to dismiss for deliberate bypass and give him the opportunity to explain the failure to raise earlier the presently asserted ground. This was accomplished here by an order entered on November 14, 1972.

The substance of Petitioner's explanation is that he "is neither an educated man or a professional in the field of law. Petitioner was not aware of the contentions as raised in the petition, now before the Court, when the previously two petitions for habeas corpus relief was submitted to the Court."

However, the Court is not persuaded by Petitioner's explanation. The contentions now asserted go to the very core of his trial, the sufficiency of the evidence. A petitioner, regardless of his level of formal education, when searching for grounds to collaterally attack his conviction, would most certainly think of lack of evidence at the outset. A review of the grounds asserted in his two previous petitions indicates that Petitioner alleged, among many other grounds—some patently frivolous, that he was denied a preliminary hearing, that his indictment was invalid, that he was denied effective assistance of counsel, and that the state deliberately suppressed evidence vital to his defense. These involve substantial constitutional issues. Petitioner's raising of these alleged defects belie his presently alleged inability to uncover lack of evidence which, if factual, would be even more obvious.

On a prior application, Petitioner was granted a full plenary hearing and a capable attorney was appointed to represent him. He was given the opportunity to raise the issues now asserted and declined to do so. As this Court said on an earlier occasion:

> The only conclusion either apparent or applicable here is that Petitioner has grossly and flagrantly abused the writ of habeas corpus within the context of 28 U.S.C.A. § 2244(b) (Supp.1967). This is inferentially conspicuous, at least, by the prodigious number of applications he has submitted. Petitioner has had opportunity after opportunity to present in any one of his previous petitions the ground now asserted. The only plausible conclusion is that he deliberately by-passed this allegation in his prior petitions, so that after other grounds had been raised and denied, he would be able, in a subsequent petition such as this, to raise

this ground and possibly others. Judicial finality cannot be impeded by permitting such tactics totally lacking in good faith. Holland v. Coiner, 293 F.Supp. 203, 206 (N.D.W.Va.1968).

For the reasons above stated, it is adjudged and ordered that Petitioner's claims for federal habeas corpus relief be, and the same are hereby, denied, and the petition herein is dismissed and retired from the docket of this Court.

Robert M. Hill, J., filed dissenting opinion.