■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS WHEELER, Appellant.—Judgment unanimously reversed, on the law and facts, and a new trial granted. Memorandum: Defendant, after a jury trial, was convicted of rape in the first degree (Penal Law, § 130.35) and sentenced as a second-felony offender to a term of imprisonment of 5 to 10 years. In urging reversal, defendant asserts erroneous exclusion of proffered testimony concerning statements allegedly made by the complaining witness at the time period during which the alleged abuses of complainant by defendant occurred. In addition, defendant attacks the constitutionality of subdivision 1 of section 130.35 of the Penal Law, of which he now stands convicted, as well as the constitutionality of section 70.06 of the Penal Law under which he has been sentenced as a second-felony offender. Factually pertinent to this appeal, the principal witness against the defendant was the complainant victim, a girl 15 years of age at the time of the incident. She testified that she was introduced to the defendant by several of her friends

on the evening of October 31, 1974 at the town park and that, after her friends had left, the defendant forcibly took her by her arm to his apartment which was within walking distance of the park. After locking the apartment door, she claims that the defendant removed her clothes, struck her with his fist and pulled her into the bedroom where he forced her through fear to have intercourse. After the first act of intercourse, the defendant in response to a knock on the apartment door opened the door, with the complainant following him. Complainant recognized the three boys as those with whom she had been earlier in the evening and said that she attempted to attract their attention by jumping up and down behind the defendant and mouthing the word "help", but to no avail. After the boys left, the defendant locked the door, took her back into the bedroom and again had intercourse with her on two more occasions, which she testified were without her consent and that she was "scared" throughout the entire interlude. After the defendant fell asleep, complainant testified that she partially dressed herself with her outer garments and ran out of the apartment, leaving some of her clothing behind. On cross-examination complainant admitted that, at the time the three boys came to the apartment door, she told the boys to wait downstairs for her. In response to defense counsel's question as to whether at that time she did not say "Don't tell Fritz" (complainant's boyfriend), she answered, "No, I don't think so, no I didn't say that". Kurt Wagner, one of the boys who had come to the defendant's apartment door, testified that although he could not hear what complainant had said, her voice sounded "nervous, maybe scared." On cross-examination Wagner testified that after leaving defendant's apartment door the three boys waited downstairs for the complainant, but after 10 minutes Wagner went home. Testimony was also presented on behalf of the People's case as to the complainant arriving at a schoolmate's home at approximately 4:00 A.M. on the morning of November 1, 1974 in a distraught condition, wearing no socks or shoes, and relating that she had been raped. Deputy Sheriff McGee testified that he accompanied complainant and her father to defendant's apartment on the early morning of November 1, 1974, found the door ajar and the defendant sleeping in bed. After advising the defendant of his rights, the officer testified that the defendant denied any knowledge concerning various items of women's clothing which were found in defendant's apartment. Deputy Emily Manzler, also sworn by the People, testified that in interviewing the complainant she seemed upset and hesitant. The deputy also testified as to her interrogation of defendant, after advising him of his constitutional rights, during the course of which defendant admitted having intercourse with the complainant, but with her consent. Medical testimony on behalf of the People's case consisted of testimony as to the examination of complainant made at about 6:00 A.M. on the morning of November 1, 1974, revealing the existence of sperm in the vagina indicating that there had been intercourse within the preceding 12-hour period. However, there was no way to determine as to whether there had been forcible intercourse. On behalf of the defense, Douglas Brotz and Kurt Wagner, two of the boys who had come to defendant's apartment door during the period of the alleged incident, testified as to their observations when the apartment door was opened by the defendant. When defense counsel endeavored to question the respective witnesses as to what complainant had said to them at that time, the court sustained the People's objection to such testimony as being inadmissible hearsay. In view of the court's ruling, defense made an offer of proof, outside the hearing of the jury, by propounding the question to defense witness Wagner as to what

complainant had said to them at that time. Wagner testified, "She said, don't tell Fritz, don't tell anybody. And then to wait for her." The foregoing limited summarization of the trial testimony would appear adequate for consideration of defendant's first contention that the trial court's exclusion of such testimony on the basis of hearsay constituted reversible error. In the posture of the proof of the instant case, we agree on the two-fold admissible grounds as being for the purpose of impeachment of complainant's credibility and as evidence of complainant's state of mind, both being material issues. Proper foundation having been established in cross-examination by complainant's testimonial denial that she made such statement, and, the proffered testimony by the defense being offered for the sole and limited purpose of impeachment and not as proof of the truth of such statement, exclusion was error *(Matter of Roge v Valentine,* 280 NY 268, 276; Mottla, NY Evidence, Proof of Cases [2d ed], § 431). In addition, in light of the proof, complainant's mental attitude concerning "fear" was material, in issue, and part of the *res gestae.* Complainant testified as to her fear of defendant. The excluded testimony reasonably presented for factual resolution the issue as to whether complainant's fear was, in fact, of defendant, or, of discovery and disclosure of her conduct by her boyfriend *(Provenzo v Sam,* 23 NY2d 256, 261–262). In the circumstances, the credibility of the complainant's testimony and the basis of her "fear" were of vital significance, rendering the trial court's exclusion of such testimony prejudicial error requiring reversal *(People v Crimmins,* 36 NY2d 230). We have carefully examined defendant's contentions concerning the constitutionality of subdivision 1 of section 130.35 of the Penal Law and find them, under the facts of the instant case, without merit. In view of the reversal herein ordered, defendant's contention concerning the constitutionality of section 70.06 of the Penal Law is rendered moot. (Appeal from judgment of Monroe County Court, convicting defendant of rape, first degree.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Del Vecchio, JJ.