**Clovis Carl GREEN, Jr., Petitioner,**

v.

**Donald W. WYRICK, Warden, Missouri State Penitentiary, Respondent.**

**No. 75 CV 498 W–4.**

United States District Court,
W. D. Missouri, W. D.

May 13, 1976.

Sloan R. Wilson, Kansas City, Mo., for petitioner.

Philip M. Koppe, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**ELMO B. HUNTER, District Judge.**

Petitioner, a convicted state prisoner currently confined in the Missouri State Penitentiary, Jefferson City, Missouri, has filed *in forma pauperis* a petition for writ of habeas corpus seeking to have this Court set aside, as involuntary, his plea of guilty to a charge of rape entered in the Circuit Court of Jackson County, Missouri, on June 25, 1975.

Leave to proceed *in forma pauperis* was granted in the Court's Order to Show Cause of August 4, 1975, and counsel was appointed to represent petitioner by an order entered August 15, 1975.[1] After respondent had filed his response to the Order to Show Cause and petitioner through counsel had traversed that response, the Court conducted a hearing on January 20, 1976, to consider respondent's contention that petitioner has not fully exhausted adequate and available state remedies and to hear any and all evidence relating to the merits of petitioner's claims. On February 12, 1976, the Court directed respondent to file a supplemental response to the Order to Show Cause specifically addressing the contention that petitioner has failed to exhaust state remedies. As respondent has fully complied with that direction and as petitioner has been afforded the opportunity to traverse the respondent's pleadings on that question,[2] the Court now deems this cause to be fully and finally submitted. For the reasons stated below, the Court finds and concludes both that petitioner has failed to exhaust state remedies and that his petition for writ of habeas corpus is without merit.

Petitioner states that on June 25, 1975, he was convicted upon his plea of guilty in the Circuit Court of Jackson County, Missouri, to a charge of rape and sentenced to a term of ten years imprisonment. He now challenges that plea of guilty as one which was coerced by what petitioner terms as the "unconstitutionality" of § 552.030, Revised Statutes of Missouri, which provides for a defense to a criminal act based upon a mental disease or defect excluding responsibility, a defense which petitioner intended to assert against the charge of rape. As illuminated by his counsel's statements and his own testimony given during the hearing on January 20, 1976, petitioner's argument in this respect is actually two-pronged. First, it is urged that § 552.030 is unconstitutional and that the operative effect of its provisions coerced his plea of guilty because continued reliance on his defense of a mental disease or defect excluding responsibility under § 552.030 potentially exposed petitioner to an indefinite commitment to a state mental hospital if he were successful in that defense. Second, petitioner alleges that he was not permitted to have the opportunity to have an examination at state expense by a private psychiatrist of petitioner's own choice under § 552.030 for that section only provides for "examination of the accused by a physician of his . . . own choosing and at his . . . expense." Accordingly, petitioner argues, the effect of § 552.030 was to deny him, because of his indigency and in violation of the constitutional requirement of equal protection, the means to prove his insanity defense through a state-paid examination by a psychiatrist of his own choice. In turn the inability to prove his defense, petitioner states, left him no alternative but to plead guilty.

1. Upon motion filed at the request of petitioner, counsel was granted leave to withdraw as counsel of record on March 26, 1976. As this action had been fully submitted prior to that date, the Court saw no reason to appoint new counsel in this cause.

2. Petitioner in fact filed pro se responses both to the respondent's "Supplemental Response to Order to Show Cause" and the "Addendum to Supplemental Response to Order to Show Cause". His "Traverse to the Addendum to Supplemental Response to Order to Show Cause" filed March 26, 1976, was, however, stricken from the record pursuant to an Order entered *sua sponte* by the Court on that same date as it contained material which was vile, scandalous, and irrelevant to the issues in this proceeding. Pursuant to that Order that particular pleading has received no consideration from the Court.

In his petition and during his testimony at the hearing before this Court, petitioner admitted that he did not appeal from his state court conviction and that he has filed no motion to set aside his plea and vacate sentence under Missouri Rule 27.26. He urges, however, that he has fully exhausted state remedies as required by the provisions of 28 U.S.C. § 2254 by means of petitions for habeas corpus which he filed prior to this action in the Circuit Court of Jackson County, Missouri, the Missouri Court of Appeals, Kansas City District, and the Missouri Supreme Court. Counsel for petitioner has supplied the Court with certified copies of the official files from those state courts. Review of those materials reflects the following.

On June 30, 1975, the Circuit Court of Jackson County, Missouri, received from petitioner a handwritten *pro se* petition for writ of habeas corpus. That petition, which encompassed the same issues asserted here, was assigned apparently as part of petitioner's original criminal action to the trial judge who had accepted petitioner's plea of guilty. Without conducting an evidentiary hearing and apparently without requiring a responsive pleading from respondent therein, the circuit judge denied the writ on July 3, 1975, by a short order in which he found petitioner's plea to be voluntary and the petition to be meritless.

Certified records from the Missouri Supreme Court file for an action styled *Clovis Carl Green, Jr. v. State of Missouri, et al.*, No. 59130, show that petitioner filed on June 30, 1975, a petition for writ of habeas corpus in that court which incorporated a copy of the petition filed at the circuit court level. By an order entered July 14, 1975, the Supreme Court of Missouri summarily denied the writ without comment.

Petitioner next filed on July 10, 1975, a petition for writ of habeas corpus in the Missouri Court of Appeals, Kansas City District, and likewise incorporated in that petition a copy of the petition submitted in the Circuit Court of Jackson County, Missouri. The state responded with its suggestions in opposition to the writ on July 16, 1975, and

therein provided the Court of Appeals a copy of the circuit court's order of July 3, 1975, denying the petitioner's original application. A single judge of the Missouri Court of Appeals summarily denied the writ on July 16, 1975.

The requirement of 28 U.S.C. § 2254 that available state remedies be exhausted prior to the granting of federal habeas corpus is satisfied if the issues presented in a habeas corpus petition have been presented to the state courts for direct review. *Brown v. Allen*, 344 U.S. 443, 447, 73 S.Ct. 397, 402, 97 L.Ed. 469, 483 (1953). As petitioner, however, admits that he has not attempted direct appeal of his conviction, he must show that he has employed available post-conviction proceedings in the state courts. *Tyler v. Swenson*, 440 F.2d 621, 623 (8th Cir. 1971). Respondent contends that the filing and dismissal of petitioner's state habeas actions does not constitute exhaustion of state remedies and that petitioner has an adequate state remedy yet available to him by a motion filed pursuant to Missouri Rule 27.26.

It is not necessary that the state courts must have ruled on the merits of an issue before the question can be considered in the federal courts. *Losieau v. Sigler*, 421 F.2d 825 (8th Cir. 1970). The exhaustion requirement is satisfied if the state courts have been presented the opportunity to rule on the questions raised in the federal petition. *Picard v. Conner*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Rice v. Wolff*, 513 F.2d 1280 (8th Cir. 1975). In the instant case, however, it is the conclusion of this Court that the two Missouri appellate courts neither ruled on the merits of the questions presented in the habeas petitions filed by petitioner nor were properly presented with a full and fair opportunity to pass on the merits of petitioner's claims. It is well settled in this district that the summary denial of a petition for habeas corpus by the Supreme Court of Missouri does not constitute the exhaustion of state remedies. See, *e. g., Lindner v. Peterson*, 324 F.Supp. 1261 (W.D.Mo.1971). Such a denial may be for failure to comply with

Missouri Rule 91 in any essential respect, for failure to state sufficient facts entitling petitioner to relief, or for failure to employ the proper remedy such as the post-conviction remedy provided by Missouri Rule 27.-26. *Lindner v. Peterson, supra; Russell v. Swenson*, 251 F.Supp. 196 (W.D.Mo.1966); *Cox v. Nash*, 226 F.Supp. 87 (W.D.Mo.1964).

This Court has observed that petitioner did not comply with Missouri Rule 91.59 which requires the filing of a state habeas petition "in the first instance" in the circuit court and then, upon an adverse decision in that court, to petition successively to the Missouri Supreme Court. See *Edwards v. Engledorf*, 176 S.W.2d 32 (Mo.App.1943). Instead, petitioner, apparently very impatient for judicial action, filed habeas petitions virtually simultaneously in the circuit court and the Supreme Court of Missouri. That fact was readily apparent in petitioner's own correspondence to the higher court and may well have been the basis for the summary denial of petitioner's petition by the Missouri Supreme Court. However, it is most probable that the appellate courts' denials of petitioner's state habeas actions were for failure to use his proper and available remedy under Missouri Rule 27.26. The Missouri Supreme Court recently stated in *Wiglesworth v. Wyrick*, 531 S.W.2d 713 (Mo. en banc, 1976) that upon receipt of a petition for writ of habeas corpus which on its face seeks relief encompassed by Rule 27.26, its practice has been to permit the petition to be filed but then to deny the writ without prejudice to the right to proceed under Rule 27.26.

■ But petitioner argues that his habeas petition was denied by the Missouri Supreme Court without an explicit statement that the denial was without prejudice or that he could or can pursue a remedy under

Missouri Rule 27.26. Upon review of the certified material from the Missouri Supreme Court file supplied by counsel for petitioner, that argument is rejected. Absent some indication in that record that the state court received evidence on petitioner's claims or that the issues were joined by the requiring of a responsive pleading from the respondent in that action, this Court cannot conclude that the Missouri Supreme Court's summary denial of petitioner's state habeas action was intended to foreclose him from seeking a remedy under Missouri Rule 27.-26.[3] Indeed that very rule provides in pertinent part:

> . . . This rule does not suspend the rights available by habeas corpus but rather prescribes the procedure to be followed in seeking the enforcement of those rights. It includes all relief heretofore available in any court by habeas corpus when used for the purpose of seeking to vacate, set aside or correct a sentence, plus relief not available by habeas corpus. A motion filed hereunder is an independent civil action which should be separately docketed.

Rule 27.26(a), Missouri Rules of Criminal Procedure, V.A.M.S.

■ Modeled after 28 U.S.C. § 2255, Rule 27.26 was adopted by the Missouri Supreme Court to provide a proper, orderly, and efficient method for the presentation and disposition of claims brought by a person under sentence and in state custody who asserts the invalidity or unconstitutionality of his conviction and concomitant sentence.[4] As petitioner asserts that his conviction and sentence are invalid because of the alleged coerced plea of guilty which he entered to the rape charge, his claim is clearly one which is properly presented through the

---

**3.** Compare *State v. Thompson*, 324 S.W.2d 133 (Mo.1959), wherein the Missouri Supreme Court held that a prisoner under state sentence was barred from pursuing a remedy under Missouri Rule 27.26 in the instance where that court had previously denied a petition for writ of habeas corpus. It is to be noted that the denial of the habeas petition in that case, unlike the present case, was one which fully disposed of the merits *after the parties thereto*

*had filed appropriate pleadings and presented evidence before the Supreme Court of Missouri.*

**4.** The *Wiglesworth* decision, *supra*, has now definitively established that Missouri Rule 27.-26 provides the exclusive remedy for a prisoner who seeks to attack the validity or constitutionality of his conviction and sentence.

procedures provided by that rule. *See, e. g., Williams v. State*, 473 S.W.2d 97 (Mo. 1971); *Doepke v. State*, 465 S.W.2d 507 (Mo.1971); *State v. Rose*, 440 S.W.2d 441 (Mo.1969). The Missouri courts should not be prejudiced by simply requiring a prisoner asserting claims such as petitioner's to bring them by the orderly procedural mechanism of Rule 27.26, and it is not for this Court to say that the summary denial of a habeas petition containing claims properly brought via Rule 27.26 constitutes a waiver by the Missouri Supreme Court of the exhaustion requirement of 28 U.S.C. § 2254.

▮ Subsequent to the filing of his petition before this Court, petitioner filed two motions under Rule 27.26 raising claims as to the invalidity of his guilty plea which were not raised in his prior state habeas petitions and which are not raised here.[5] Because of those filings, petitioner urges that Rule 27.26 is no longer a remedy available to him since he is foreclosed from raising his present claim by a motion under that rule pursuant to the provisions of Rule 27.26(d) which provides in part:

> The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application . . . is new but could have been raised in the prior motion pursuant to the provisions of subsection (c) of this Rule.

Rule 27.26(d) does not necessarily and absolutely foreclose a court from entertaining a second motion to vacate or set aside a conviction and sentence. *State v. Moreland*, 351 S.W.2d 33, 37 (Mo.1961). Considering the circumstances surrounding petitioner's various efforts to focus judicial attention on his claims,[6] it is doubtful that the Missouri courts would hold that petitioner had delib-

erately by-passed his remedy provided by Rule 27.26 and foreclose him from presenting his present claims in a second motion. In any event, it is "[o]nly after some clear manifestation on the record that a state court will not entertain petitioner's constitutional claims even if fairly presented will the exhaustion requirement be disregarded as futile." *Eaton v. Wyrick*, 528 F.2d 477, 482 (8th Cir. 1975). On the record as it now exists, it cannot be concluded that the Missouri courts would not consider petitioner's constitutional claims if he were to properly present those claims in the manner provided by Rule 27.26. As petitioner has not availed himself of that available remedy at least as to the claims asserted here, he has not properly presented the state courts with a full and fair opportunity to pass on those claims and, therefore, has not exhausted state remedies within the meaning of 28 U.S.C. § 2254.

▮ Because this Court has determined that petitioner has not exhausted his available state remedies, the appropriate disposition of this action would normally be to deny his present petition without prejudice to afford him the opportunity to exhaust those remedies. Applicable federal principles generally dictate that the state courts be afforded a full and fair opportunity to first determine the issues raised in a petition for writ of habeas corpus. *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Tyler v. Swenson*, 527 F.2d 877 (8th Cir. 1976).

▮ The exhaustion requirement of 28 U.S.C. § 2254 is not, however, an inflexible requirement for it is a rule of comity and not a rule limiting the power of a federal court to give habeas relief. *Smith*

---

**5.** Petitioner's first motion under Rule 27.26 was filed on August 15, 1975, but that action was dismissed without prejudice at his request on October 29, 1975. The second motion brought pursuant to Rule 27.26 was filed January 19, 1976, and is still pending in the state courts.

**6.** Petitioner was proceeding *pro se* when he filed his state habeas petitions and his petition before this Court. He also testified during the evidentiary hearing in this cause that he was

not familiar with the existence of Rule 27.26 during that period of time. Although he subsequently filed a motion under Rule 27.26, petitioner was by then already proceeding in this Court obviously convinced that he had exhausted state remedies as to those claims asserted in his federal petition and undoubtedly under the view that there was no reason to assert those claims in the Rule 27.26 motion filed before the state court.

*v. Wolff,* 506 F.2d 556 (8th Cir. 1974). As a full evidentiary hearing has been conducted wherein petitioner was afforded the opportunity to present any and all evidence to support his claims, the Court has concluded that it is in the interests of justice to entertain and dispose of petitioner's claims on their merits. Moreover, "it would be a waste of judicial machinery to require a second evidentiary hearing by another court which exerts only concurrent jurisdiction." *Losieau v. Sigler,* 421 F.2d 825, 828 (8th Cir. 1970). See also *Austin v. Swenson,* 522 F.2d 168 (8th Cir. 1975). Accordingly, for the foregoing reasons, the Court will proceed to consider this action on the merits.

As set forth earlier, petitioner claims that he was coerced into entering his guilty plea by two operative factors: 1) a successful insanity defense asserted under the provisions of § 552.030 of the Missouri statutes would expose him to an indefinite commitment to a state mental hospital, and 2) under the provisions of that statute he was unconstitutionally denied an examination at state expense by a psychiatrist of his own choice and therefore deprived of the opportunity to prove his insanity defense. In support of his claims, petitioner testified during the Court's evidentiary hearing held in this cause on January 20, 1976, and offered into evidence certain psychiatric records from the criminal case file in cause No. C–45566, *State of Missouri v. Clovis Carl Green.* As drawn from that testimony and those records, the factual background of petitioner's claims is as follows.

On May 22, 1974, petitioner was arrested near or at the scene of an alleged assault and rape which had occurred earlier that same day in the Kansas City, Missouri, area. After interrogation by police officers, during which he apparently gave an inculpatory statement relating to the alleged rape incident, he was confined in the Jackson County, Missouri, jail and shortly thereafter formally charged by information with the crime of rape. At or before the date of petitioner's arraignment, the trial court appointed the state public defender as counsel for petitioner. After consultation with petitioner, his counsel filed notice, as required by § 552.030, that petitioner was intending to rely on the defense of mental insanity.[7] Upon motion, the trial court entered an order directing that petitioner was to be psychiatrically examined by physicians at the Western Missouri Mental Health Center, Kansas City, Missouri. It is undisputed that during this period of time, petitioner was being seen on a regular basis by the jail psychiatrist, Dr. William E. Rinck, who was prescribing medication for petitioner to control certain symptoms which he initially attributed to a "borderline psychotic" condition.

Approximately six or seven weeks after the trial court ordered the psychiatric examination, petitioner was taken to Western Missouri Mental Health Center for his evaluation by psychiatrists at that institution. After review of certain past medical records and two or three subsequent visits with petitioner, Dr. B. S. N. Gupta, M.D., Director of Forensic Psychiatry for the Western Missouri Mental Health Center, submitted a report dated August 13, 1974, in which it was stated that petitioner was neither incompetent to assist in his own defense or to stand trial nor suffering from

---

**7.** From what petitioner stated in his testimony during this Court's hearing, it was apparently his decision and desire to pursue and rely on a defense of insanity. That choice was undoubtedly based, at least in part, upon the past success which petitioner had in asserting insanity defenses. Although this Court has not been provided an official criminal record, petitioner has, according to his own statements, an extensive criminal background and a history of mental treatment. Petitioner testified that from the age of seventeen he has been convicted of several crimes, including a Dyer Act violation, and acquitted of others, including a charge of perjury, on the basis of insanity. At one time, petitioner stated, he was charged with "forty-seven or forty-eight" felonies in both federal and state courts. Petitioner also related that he has been committed to psychiatric institutions or required to undergo psychiatric treatment by various courts either as a condition of probation or as a consequence of acquittal by reason of insanity. The Court is not certain how much of petitioner's testimony in this regard should be credited, but it is convinced that petitioner has an extensive criminal history.

a mental disease or defect at the time of the alleged crime.

After submission of Dr. Gupta's report, petitioner's counsel arranged for, and the trial court ordered, a psychiatric evaluation by a private practicing psychiatrist, Dr. George Wang. Sometime after Dr. Wang was selected but before he examined defendant, petitioner requested that the public defender withdraw as counsel of record and that new counsel be appointed. With the public defender no longer representing petitioner, the arrangement for an evaluation by Dr. Wang was terminated. After appointment of new counsel, petitioner filed a motion in September, 1974, requesting that the trial court order an examination at state expense by Dr. J. Scott Morrison, M.D., a psychiatrist of petitioner's own choosing. That motion was denied by the trial court which instead ordered a second psychiatric evaluation to be conducted at Fulton State Hospital, Fulton, Missouri.

In early December, 1974, petitioner was transferred to Fulton State Hospital where he underwent psychiatric evaluation for a period of approximately six weeks. A report dated January 31, 1975, from Dr. Tomas Espinosa, M.D., of that institution to the circuit court contains the finding and conclusion that petitioner was not suffering from a mental disease or defect at the time of the alleged rape and was competent to stand trial.

Sometime during the succeeding several months, petitioner came into conflict with his second appointed counsel. At petitioner's request that counsel was relieved and Mr. Robert Duncan was appointed to represent petitioner. After his appointment, Mr. Duncan again sought an order from the trial court permitting a psychiatric examination by Dr. J. Scott Morrison. That specific request was denied, but the trial court did provide for an examination by Dr. George J. Lytton, M.D., who evaluated petitioner during a one to two hour interview at the jail on April 10, 1975. In a letter to the trial judge, Dr. Lytton ventured no opinion as to petitioner's mental status when the crime was committed but did state that it was his belief that petitioner was at that time incompetent.

In May, 1975, petitioner was examined by Dr. Morrison, the psychiatrist whom petitioner had requested from approximately September, 1974. That examination was obtained, according to petitioner's testimony, at his own expense. Dr. Morrison determined that petitioner was competent to assist in his own defense, but offered no firm opinion as to the issue of petitioner's sanity at the time of the crime. Although the Court has not been benefited with a copy of Dr. Morrison's May 14th, 1975, report, petitioner testified and the Court will accept that Dr. Morrison stated while it was mere conjecture because of the approximate one year time span, there was a probability that petitioner was not sane at the time of the crime.

Subsequent to the entry of Dr. Morrison's report, counsel advised petitioner that the state had offered to enter into a plea bargain arrangement whereby the state would recommend a maximum sentence of ten years confinement in return for petitioner's plea of guilty to the rape charge. Before agreeing to this arrangement, petitioner sought first to proceed either by entry of a nolo contendere plea or by trial to the court upon stipulated evidence in order to preserve an appealable claim that he was unconstitutionally denied the opportunity to prove his asserted insanity defense. However, after being advised by counsel that a nolo contendere plea was not a recognized plea in the Missouri courts, that the state would not waive a jury trial, and that the evidence weighed heavily against the likelihood of a favorable jury verdict, petitioner agreed to enter a plea of guilty upon the terms of the offered plea bargain. That plea of guilty was entered by petitioner in the Circuit Court of Jackson County, Missouri, on June 25, 1975, and he was sentenced that date in accord with the state's recommendation of a term of ten years.

The applicable and controlling principles of law relating to the nature and consequences of a guilty plea have been clearly enunciated by the United States Su-

preme Court. To be valid and binding, a plea of guilty must be entered voluntarily and intelligently, and before accepting a guilty plea a court must be satisfied from a clear showing on the record that the plea is in fact voluntary and intelligent. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). But once a criminal defendant admits guilt by entry of that plea, he may not then challenge the deprivation of constitutional rights that antedated the plea, and may only attack the voluntary and intelligent nature of the guilty plea. *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). That is, a defendant's guilty plea waives all nonjurisdictional defects. *Becker v. State*, 435 F.2d 157 (8th Cir. 1970), cert. denied, 402 U.S. 981, 91 S.Ct. 1684, 29 L.Ed.2d 145 (1971), *United States v. Lee*, 500 F.2d 586 (8th Cir. 1974).

█ As to petitioner's first claim that he was coerced to plead guilty because of the possibility that he would suffer an indefinite commitment to a state hospital if he continued to assert his insanity defense,[8] the law is well settled that a plea of guilty entered to limit a defendant's exposure to potential punishment is not rendered involuntary by that motivation alone. *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Moore v. Swenson*, 487 F.2d 1020 (8th Cir. 1973); *Peterson v. State of Missouri*, 355 F.Supp. 1371 (W.D. Mo.1973). Moreover, if petitioner's plea of guilty was otherwise voluntary, any claim that the sentencing or commitment provisions of §§ 552.030 and 552.040 are unconstitutional was effectively waived upon pe-

titioner's plea of guilty. *Tollett v. Henderson, supra; United States v. Lee, supra.* Likewise, petitioner's second claim that the application of the provisions of § 552.030 unconstitutionally denied him the opportunity to prove his defense was waived if his plea of guilty was voluntary and intelligent.

█ Upon review of the transcript of the June 25, 1975, plea proceeding during which petitioner entered his plea which he challenges here and in light of his testimony at this Court's hearing of January 20, 1976, the Court entertains no doubt that petitioner's plea of guilty was one which was fully voluntary and intelligent. At the outset of the discussion of the reasons for this conclusion, it is important to note that petitioner has not in any way or at any time claimed that Mr. Robert Duncan, who represented him during the plea negotiations and proceedings, was incompetent counsel. To the contrary, petitioner stated to this Court that counsel " . . . did a very good job; I have to admit that."

The record of the plea proceedings clearly reflects that the state trial court complied in all essential respects with the requirements of *Boykin v. Alabama, supra.* The trial court ascertained that petitioner was aware of and understood the constitutional right not to plead guilty, the concomitant right to a full jury trial, and the existence of plea negotiations in which the state had promised to recommend a ten-year sentence.[9] Additionally, the record reflects that petitioner was advised and understood that the trial judge had indicated that if he did not accept the state's recommendation he would reinstate petitioner's original plea of not guilty.

Petitioner acknowledged on the record that he had been apprised of and/or had

---

**8.** Petitioner has throughout the course of these proceedings labeled the potential commitment to a state hospital upon acquittal by reason of insanity as a "life sentence". Petitioner's characterization is, however, an exaggeration for § 552.040 provides only for commitment "until it is determined . . . that he does not have and in the reasonable future is not likely to have a mental disease or defect rendering him dangerous to the safety of himself or others or unable to conform his conduct to the

requirements of law." § 552.040(1). Provision is made in § 552.040(4) for a patient to make application in the Circuit Court for release from commitment *every six months.*

**9.** Petitioner affirmed in his testimony given before this Court that he was fully aware of and understood the nature of his full panoply of constitutional rights at the time that he entered his plea.

seen copies of the reports of his various psychiatric examinations and also on the record waived his right to proceed with a defense of mental insanity. Even though petitioner waived his right to proceed under § 552.030, the trial judge proceeded to make a finding, supported by the overwhelming weight of psychiatric opinion expressed in the various reports submitted to the court, that petitioner was not suffering from a mental disease or defect at the time of the crime. And the court also stated its finding that petitioner was not incompetent to proceed at that time based upon those reports and petitioner's own statements that he was not under the influence of drugs, medication, or alcohol. Petitioner further stated during the plea proceedings that he is an educated person of above-normal intelligence who has had some legal training and experience.[10]

Finally, the record shows that the trial judge determined that there was a factual basis for the guilty plea and made an ex-

10. Petitioner's description of himself is an accurate one in the opinion of this Court. That opinion was formed after the opportunity to hear and witness petitioner during the hearing in this cause on January 20, 1976, and in view of his prediliction to practice law as evidenced by the approximately 22 civil rights and habeas actions which petitioner has filed before the undersigned judge alone since February 18, 1975. Additionally, since November 17, 1971, he has filed a total of 78 cases in the United States District Court, Western District of Missouri. Nor have the state courts escaped his deluge of litigation. Since June 1, 1975, he has filed approximately 20 habeas corpus and other types of cases in the (state) Circuit Court of Cole County and in that same time frame has filed approximately 18 cases in the Missouri Court of Appeals at Kansas City, and approximately 16 cases in the Supreme Court of Missouri. In 1975–76 he has filed 12 cases in the State of Missouri, Sixteenth Judicial Circuit Court (Kansas City). Also, he has filed an unknown number of cases in other states and in other courts, including the Eighth Circuit Court of Appeals. Such figures strongly suggest a clear abuse of the judicial process.

Below are set out the case numbers and dates of only the cases filed by Clovis Carl Green, Jr., in the United States District Court, Western District of Missouri:

| Case Number | Date Filed |
| --- | --- |
| 2877–1 | 4/17/72 |
| 3015–1 | 7/19/72 |
| 3027–1 | 7/25/72 |
| 3042–1 | 8/ 4/72 |
| 3069–1 | 8/25/72 |
| 3092–1 | 9/12/72 |
| 73 CV 276–S | 6/11/73 |
| 73 CV 429–S | 8/17/73 |
| 73 CV 450–S | 8/30/73 |
| 73 CV 451–S | 8/30/73 |
| 73 CV 452–S | 8/30/73 |
| 73 CV 462–S | 9/ 6/73 |
| 73 CV 499–S | 10/10/73 |
| 73 CV 517–S | 10/24/73 |
| 73 CV 518–S | 10/25/73 |
| 73 CV 520–S | 10/26/73 |
| 73 CV 521–S | 10/29/73 |
| 73 CV 523–S | 10/30/73 |
| 73 CV 532–S | 11/ 5/73 |
| 73 CV 536–S | 11/ 8/73 |

| Case Number | Date Filed |
| --- | --- |
| 73 CV 543–S | 11/12/73 |
| 73 CV 581–S | 11/26/73 |
| 73 CV 596–S | 11/30/73 |
| 73 CV 622–S | 12/14/73 |
| 74 CV 4 –S | 1/ 3/74 |
| 74 CV 9 –S | 1/ 4/74 |
| 74 CV 10 –S | 1/ 4/74 |
| 74 CV 16 –S | 1/ 7/74 |
| 74 CV 17 –S | 1/ 7/74 |
| 74 CV 22 –S | 1/10/74 |
| 74 CV 36 –S | 1/16/74 |
| 74 CV 44 –S | 1/22/74 |
| 74 CV 55 –S | 1/28/74 |
| 74 CV 70 –S | 1/31/74 |
| 74 CV 71 –S | 1/31/74 |
| 74 CV 81 –S | 2/ 6/74 |
| 74 CV 89 –S | 2/12/74 |
| 74 CV 98 –S | 2/14/74 |
| 74 CV 99 –S | 2/14/74 |
| 74 CV 101–S | 2/14/74 |
| 74 CV 113–S | 2/19/74 |
| 74 CV 114–S | 2/19/74 |
| 74 CV 133–S | 3/ 4/74 |
| 74 CV 138–S | 3/ 5/74 |
| 74 CV 140–S | 3/ 6/74 |
| 74 CV 188–S | 3/28/74 |
| 74 CV 205–S | 4/ 5/74 |
| 74 CV 216–S | 4/11/74 |
| 74 CV 217–S | 4/11/74 |
| 74 CV 241–S | 4/23/74 |
| 74 CV 257–S | 4/30/74 |
| 74 CV 228–S | 4/17/74 |
| 74 CV 222–S | 5/ 7/74 |
| 75 CV 182–S | 4/25/75 |
| 75 CV 125–W | 2/18/75 |
| 75 CV 144–W | 2/25/75 |
| 75 CV 157–W | 2/27/75 |
| 75 CV 169–W | 3/ 5/75 |
| 75 CV 177–W | 3/12/75 |
| 75 CV 309–W | 5/ 6/75 |
| 75 CV 416–W | 6/18/75 |
| 75 CV 157–C | 7/16/75 |
| 75 CV 165–C | 8/ 7/75 |
| 75 CV 186–C | 8/26/75 |
| 75 CV 187–C | 8/26/75 |
| 75 CV 189–C | 9/ 4/75 |
| 76 CV 7 –C | 1/26/76 |
| 76 CV 14 –C | 2/10/76 |
| 76 CV 30 –C | 3/ 4/76 |
| 76 CV 31 –C | 3/ 4/76 |
| 76 CV 49 –C | 4/ 2/76 |
| 76 CV 77 –C | 5/ 4/76 |
| 76 CV 81 –C | 5/10/76 |
| 76 CV 82 –C | 5/10/76 |
| 76 CV 223–W | 4/ 8/76 |
| 75 CV 498–W | 7/28/75 |
| 19880–1 | 9/20/72 |
| 20562–4 | 9/20/72 |

plicit finding that the plea was being entered voluntarily, intelligently, of petitioner's own free will and choice without coercion, and after full and competent advice of counsel.

 Based upon all the evidence of record in this cause, this Court concludes that the state court's finding that petitioner voluntarily and intelligently entered his plea of guilty was a correct and accurate finding. As petitioner's plea of guilty was voluntarily and intelligently made, that plea represented "a break in the chain of events which [had] preceded it in the criminal process," *Tollett v. Henderson, supra,* and by that plea petitioner effectively and finally waived the claims he asserts here. Accordingly, for the foregoing reasons, it is therefore

ORDERED that the petition for writ of habeas corpus be, and the same is hereby, denied.