Clovis Carl GREEN, Jr., Petitioner,

v.

Donald W. WYRICK, Respondent.

No. 78–4196–CV–C–4–R.

United States District Court,
W. D. Missouri, W. D.

Dec. 22, 1978.

---

Clovis Carl Green, pro se.

Philip M. Koppe, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER

ELMO B. HUNTER, District Judge.

Petitioner, presently confined at the Missouri State Penitentiary, Jefferson City, has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254 challenging his 1975 state conviction for forcible rape. Unlike peti-

tioner's myriad other actions in this court, this petition presents only one claim for relief. Petitioner argues that Missouri's forcible rape statute, R.S.Mo. § 559.260 is unconstitutional because it is sex-biased. He cites *Meloon v. Helgemoe,* 436 F.Supp. 528 (D.N.H.1977), *aff'd* 564 F.2d 602 (1st Cir. 1977), to support his claim. In response, the state argues that petitioner has failed to exhaust state remedies, that this action is an abuse of the writ of habeas corpus, and that petitioner's claim is substantively baseless. Petitioner has failed a traverse and a pleading styled "Motion for Judgment on the Pleadings" in which he requests immediate relief. The Court will first examine the question of exhaustion.

It is axiomatic that a state prisoner seeking federal habeas corpus relief must first exhaust state remedies by giving state appellate courts a fair opportunity to rule upon the claims to be presented in the federal petition. *See, e. g., Pitchess v. Davis,* 421 U.S. 482, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975); *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). *Tyler v. Swenson,* 527 F.2d 877, 880 (8th Cir. 1975), states the applicable doctrine:

> The federal courts should entrust the states with primary responsibility in their own criminal cases. . . . When a federal court is unable to determine unequivocally that an issue has been considered and ruled upon by the state courts, comity requires that the initial determination of the issue be made by the state courts.

To this general statement must be added two principles. First, the exhaustion requirement will not be disregarded as futile unless the petitioner establishes "some clear manifestation on the record that a state court will not entertain [his] constitutional claims even if fairly presented . . .." *Eaton v. Wyrick,* 527 F.2d 477, 482 (8th Cir. 1975); *accord, Smallwood v. Missouri Board of Probation and Parole,* 587 F.2d 369, at 371 (8th Cir. 1978). Second, under the established law of this district, summary dismissal of state habeas corpus petition does not constitute exhaustion of state remedies

for claims relating to the legality of a Missouri criminal conviction. *Green v. Wyrick,* 414 F.Supp. 343 (W.D.Mo.1976).[1]

Records submitted by respondent show that petitioner first raised a claim similar to that presented in this petition in late July 1978. On July 27, 1978, he filed a pleading styled "Motion for Permission to Modify Claims in the Rule 27.26 Motion" in the Circuit Court of Jackson County, Missouri. The Circuit Court permitted petitioner to file the pleading without prepayment of the applicable fee, construed it as a new Rule 27.26 motion, and denied it summarily. Petitioner then filed a notice of appeal which requested appointment of counsel. That motion was granted by the Missouri Court of Appeals, on September 20, 1978, and shortly thereafter Robert Duncan, Esq., a distinguished member of the Kansas City bar, was appointed to represent petitioner in his appeal. Petitioner's case currently pends before the Missouri Court of Appeals.

In answer to the records submitted by respondent, petitioner makes a number of conclusory allegations to the effect that he has exhausted state remedies by presenting state habeas corpus petitions in the Missouri Court of Appeals and the Missouri Supreme Court. He also makes a conclusory allegation that the Missouri Courts will not protect his federal constitutional rights.

█ It is apparent from the records submitted by respondent that the Missouri Court of Appeals has accepted jurisdiction in a state court action raising claims identical to those in this case. Thus, under settled principles, petitioner has not exhausted state remedies. It is also apparent that petitioner's claims concerning the alleged failure of the Missouri Courts to protect his rights do not rise to a level sufficient to excuse the exhaustion requirement. Finally, *Green v. Wyrick, supra,* forecloses any claim by petitioner that he has exhausted state remedies by presenting his claims in state habeas corpus petitions. The record amply supports the conclusion that petitioner has failed to exhaust state remedies on the claims presented in this action. And, in view of petitioner's prior experiences with this Court in *Green v. Wyrick,* 414 F.Supp. 343 (W.D.Mo.1976), this failure can fairly be described as a deliberate attempt to circumvent the processes established by the state of Missouri for review of a criminal conviction. This action may be dismissed for failure to exhaust state remedies.

█ Respondents argue that this petition amounts to an abuse of the writ of habeas corpus. This contention warrants detailed discussion, because if the Court finds that this petition is an abuse of the writ it may be dismissed summarily.

Rule 9(b) of the *Rules Governing Section 2254 Proceedings in the United States District Courts* provides:

A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

Also relevant are the provisions of a related statute, 28 U.S.C. § 2244:

When after an evidentiary hearing on the merits of a material factual issue, or after a hearing on the merits of an issue of law, a person in custody pursuant to the judgment of a State court has been denied by a court of the United States or a justice or judge of the United States release from custody or other remedy on an application for a writ of habeas corpus, a subsequent application for a writ of habeas corpus in behalf of such person need not be entertained by a court of the United States or a justice or judge of the United States unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ, and unless the court, justice or judge is satisfied that the applicant has not on the

---

1. The petitioner in the earlier *Green* case is, of course, also the petitioner in this action, and the earlier case involved a prior attack upon petitioner's state rape conviction.

earlier application deliberately withheld the newly asserted ground or otherwise abused the writ.

These provisions reflect ? well-established principle of federal law: "Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation, [or] to entertain collateral proceedings whose only purpose is to vex, harass or delay." *Sanders v. United States,* 373 U.S. 1, 18, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1964).[2]

Past discussions of abuse have focused on several practices, including the deliberate withholding of known grounds in the hope of obtaining two or more hearings, deliberate delay in the presentations of claims, or presentation of claims that were abandoned in a prior petition. *See, e. g.,* Advisory Committee Note, Rule 9, *Rules Governing Section 2254 Cases in the United States District Courts*; *Wong Doo v. United States,* 265 U.S. 239, 44 S.Ct. 524, 68 L.Ed. 999 (1924); *Rice v. Coiner,* 352 F.Supp. 1235 (N.D.W.Va.1973). With the relaxation of standards governing the filing and construction of *pro se* litigation have come entirely new forms of abuse, however. Federal courts now face *pro se* litigants who willfully falsify affidavits and pleadings, *Carter v. Telectron, Inc.,* 452 F.Supp. 944 (S.D.Tex.1977); *Green v. Wyrick,* 428 F.Supp. 732 (W.D.Mo.1976); who willfully pursue litigation already determined against them on the merits in other courts, *Clark v. Payne,* 455 F.2d 516 (3d Cir. 1972); *Carter v. Telectron, Inc., supra*; who willfully file identical actions in different districts in the hope that such action will result in favorable rulings, *Carter v. Telectron, Inc., supra*; who willfully abuse procedural rules governing civil, criminal and postconviction actions, *Green v. Wyrick, supra*; or who willfully file colorably cognizable actions solely for the purpose of interfering with the orderly administration of a

prison or to harass prison administrators. *Wycoff v. Brewer,* 572 F.2d 1260 (8th Cir. 1978); *Boston v. Stanton,* 450 F.Supp. 1049 (W.D.Mo.1978); *Green v. Wyrick, supra.* Failure to meet the challenge posed by such litigants would be an abdication of the Court's duty to protect the litigants before it from abuse, harassment or exploitation. *Duhart v. Carlson,* 469 F.2d 471 (10th Cir. 1972); *Mann v. Leeke,* 73 F.R.D. 264 (D.S.C. 1974); an obligation as important as the Court's duty to ensure that meritorious *pro se* claims are processed fairly and expeditiously.

In short, abuse of the writ wears many disguises, and its nature derives from the litigant as well as the litigation he files. Petitioner, a veteran of at least 350 past cases, cannot at this late date claim ignorance of the substantive and procedural law relating to many of the issues tendered in this action. As noted elsewhere in this opinion, this Court, and probably many others, have expressly ruled upon past claims by petitioner that are identical with those raised by him in this action. Petitioner's attempt to raise these questions under a slightly different guise cannot be excused as ignorance or negligence. It can only be characterized as a bald attempt to subvert the process established for review of criminal convictions by state and federal law, and harass this Court and its state counterparts. In the short run, such actions work to speed the dismissal of actions filed by the petitioner; in the long run, abuse of this magnitude will inevitably result in the general retraction of constitutional rulings designed to open courts to *pro se* litigation and protect the substantive rights of prisoners.

This Court has no difficulty in finding that the present petition, which reflects deliberate circumvention of procedures estab-

---

**2.** The procedure to be followed where abuse is a high probability is well-established. The burden is on the government to plead abuse. *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). When this occurs, the petitioner is "obligated to present facts demonstrating that his earlier failure to raise his claims is excusable and does not amount to an abuse of the writ." *Johnson v. Copinger,* 420 F.2d 395, 399 (4th Cir. 1969). To ensure that petitioner herein had an opportunity to present such facts, the Court specifically directed him to show cause why this petition should not be dismissed as an abuse of the writ.

lished by Missouri and the United States for the processing of habeas corpus claims, is an abuse of the writ of habeas corpus. It may be dismissed on that basis

■ In view of petitioner's adamant assertion that he is entitled to "judgment on the pleadings," the Court finds it appropriate to discuss the merits of his claim at some length. As noted above, petitioner argues that Missouri's forcible rape statute is unconstitutional because it permits conviction of a male who rapes a female but not a female who rapes a male. He cites *Meloon v. Helgemoe,* 436 F.Supp. 528 (D.N. H.1977), to support his claim. *Meloon* involved New Hampshire's statutory rape law which made it a crime for an adult male to have sexual relations with a minor female. The statute did not, however, make it a crime for an adult female to have sexual relations with a minor male.

The District Court and the Court of Appeals for the First Circuit found that the interests advanced by the state to support the statute were insufficient to justify the classification embodied in it. In reaching this conclusion, however, Chief Judge Coffin stated:

> We want to take care to indicate the limited nature of our holding. We have found only one particular statutory rape law to be unconstitutional. We have not reflected nor do we intend to question the constitutionality of the laws of other states. We express no opinion as to whether on a different record some other statute would pass constitutional scrutiny.

*Meloon v. Helgemoe, supra* 564 F.2d at 609. The Court of Appeals also expressly noted that its analysis was predicated on the "consensual nature of the crime committed by the [defendant]." *Id.* at 605 n.4. It carefully distinguished cases construing forcible rape statutes or statutory rape cases involving forcible sexual acts with minors. *Id.* The district court similarly admonished against attempts to stretch its holding beyond the facts presented. *Meloon v. Helgemoe,* 436 F.Supp. 528, 529 (D.N.H.1977). It must also be noted that at least one other

circuit has implicitly rejected the *Meloon* rationale. *Hall v. McKenzie,* 537 F.2d 1232 (4th Cir. 1976), *and* 575 F.2d 481 (4th Cir. 1978). On this basis, it is unclear whether petitioner may support his claim with the *Meloon* rationale.

Second, to succeed in this action, petitioner must overcome an ever growing body of case law that has rejected arguments similar to those tendered in this petition. *See, e. g., State v. Craig,* 169 Mont. 150, 545 P.2d 649 (1976); *People v. Reilly,* 50 A.D.2d 1089, 377 N.Y.S.2d 329 (Sup.1976); *Stewart v. State,* 534 S.W.2d 875 (Tenn.App.1976); *People v. Gould,* 188 Colo. 113, 532 P.2d 953 (1975); *People v. Mackey,* 46 Cal.App.3d 755, 120 Cal.Rptr. 157 (1975); *Brooks v. State,* 24 Md.App. 334, 330 A.2d 670 (1975); *State v. Price,* 215 Kan. 718, 529 P.2d 85 (1975); *Finley v. State,* 527 S.W.2d 553 (Tex.Cr.App.1975); *People v. Medrano,* 24 Ill.App.3d 429, 321 N.E.2d 97 (1974); *State v. Kelly,* 111 Ariz. 181, 526 P.2d 720 (1974); *State v. Ewald,* 63 Wis.2d 165, 216 N.W.2d 213 (1974); *State v. Drake,* 219 N.W.2d 492 (Iowa 1974); *In re W. E. P.,* 318 A.2d 286 (D.C.App.1974). In *Finley v. State, supra,* the Texas Court of Criminal Appeals cogently stated the basis supporting forcible rape statutes:

> Likewise, the object of the rape statute challenged here is designed to accomplish a legitimate state interest. It is a matter of common knowledge that most sexual assaults are perpetrated by men against women. These assaults carry with them the danger of serious bodily injury. The State also has an interest in preventing unwanted pregnancies. Men are protected from assaults, sexual or otherwise, by women by several other provisions of the Penal Code. See, generally, Title 5, V.T. C.A., Penal Code. Furthermore, a unique characteristics test can be applied to justify the statutory classification. Hymen and uterine injury to female rape victims, the possibility of pregnancy, and the physiological difficulty of a woman forcing a man to have sexual intercourse with her all suggest a justification for the sexual distinction embodied in Art. 21.02. Com

ment, "An Overview of the Equal Rights Amendment in Texas," 11 Houston L.Rev. 136, 146–150 (1973). *Finley v. State,* 527 S.W.?1 553, 556 (Tex. Crim.App.1975).[3] Further, *People v. Reilly, supra,* expressly held that courts may not assume that rape by females is such a problem that legislatures should proscribe the practice. Petitioner, however, asks the Court to make precisely that assumption. Given the cases and especially the holdings in *Finley* and *Reilly, supra,* petitioner's assertions about the legislature's interests in enacting a forcible rape statute do not bear careful scrutiny.

Next, petitioner must overcome the language of the statute itself. R.S.Mo. § 559.-260 provides in pertinent part that "[e]very *person* who shall be convicted of rape . . by forcibly ravishing any woman of the age of 16 years or upwards shall be punished by imprisonment . . .." (Emphasis added.) Missouri courts have interpreted the section as subjecting all persons participating, aiding, or assisting in a rape to criminal liability equal to that of the actual perpetrator. *State v. Sheard,* 276 S.W.2d 191 (Mo.1955); *Mikel v. State,* 550 S.W.2d 863 (Mo.App.1977). Missouri's construction of this section makes it possible for a woman to be punished as a principal in a rape case.

As noted in *United States v. Garrett,* 521 F.2d 444, 446 (8th Cir. 1975), the persons affected by a criminal statute are the defendants, not the victims. Thus, if the statute is neutral regarding persons who may be subjected to liability as defendants, the fact that the class of possible victims is limited according to gender does not present a cognizable equal protection claim. *Id.* at 446–47, *quoting Williamson v. Lee Optical,* 348 U.S. 483, 498, 75 S.Ct. 461, 99 L.Ed. 563 (1955). *Accord, United States v. Smith,* 574 F.2d 988 (9th Cir. 1978); *United States v. Green,* 554 F.2d 372 (9th Cir. 1977). It appears that § 559.260 is sexually neutral on its face. Thus, the fact that the statute only protects women may not form the basis for an equal protection attack on the statute. Petitioner does not address this issue and it is highly unlikely that he can overcome the rationale of *Garrett.*

■ Finally, petitioner pleaded guilty to the charges against him, and in two previous orders, the Court found that his plea was voluntarily made with the effective assistance of counsel. *Green v. Wyrick,* 432 F.Supp. 965 (W.D.Mo.1977); *Green v. Wyrick,* 414 F.Supp. 343 (W.D.Mo.1976). In one of those two proceedings, petitioner alleged that certain Missouri sentencing statutes potentially applicable to him were unconstitutional. This Court expressly held that such claims were waived by petitioner's plea of guilty. *Green v. Wyrick,* 414 F.Supp. 343, 352 (W.D.Mo.1976), *quoting Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), *and United States v. Lee,* 500 F.2d 586 (8th Cir. 1974). The principle announced in petitioner's earlier habeas corpus petition is equally applicable to this claim. Accordingly, by entering a voluntary plea of guilty to the charges against him, petitioner waived his right to challenge the constitutionality of R.S.Mo. § 559.260 through a collateral attack on his plea.

To summarize, the records before the Court demonstrate beyond an iota of doubt that petitioner has failed to exhaust state remedies on the claim advanced in this petition. The records are also persuasive that this failure was a deliberate attempt by petitioner to circumvent the orderly processes established by the state of Missouri. This action may be dismissed because of petitioner's failure. Further, in view of the deliberate nature of petitioner's failure to exhaust, this action may also be dismissed as an abuse of the writ of habeas corpus. Finally, in view of petitioner's insistence that the Court reach the merits of this claim, it must be stated that petitioner has little if any real chance of succeeding on the allegations he has presented. Thus, this petition may also be dismissed as frivolous. *Boston v. Stanton,* 450 F.Supp. 1049 (W.D.Mo.1978).

---

**3.** Missouri provides a similar general scheme protecting males from assault by any person.

There is nothing to indicate that this statutory protection excludes sexual assaults.

For each of the foregoing reasons, it is

ORDERED that this petition for writ of habeas corpus should be and it is hereby dismissed.