[Civ. No. 16549.   First Dist., Div. Two.   Jan. 10, 1956.]

HECTOR J. McVICAR, Plaintiff, v. UNION OIL COMPANY (a Corporation), Appellant; UNITED AIR LINES, INC. (a Corporation), Respondent.

Brobeck, Phleger & Harrison for Appellant.

Bronson, Bronson & McKinnon for Respondent.

DOOLING, J.—This appeal is presented on a settled statement from an order of the superior court granting the motion of respondent cross-defendant United Air Lines for a judgment of nonsuit on a cross-complaint brought by appellant cross-complainant Union Oil Company.

The action out of which the present appeal arises was begun on December 31, 1951, when plaintiff Hector J. McVicar filed a complaint against defendants Union Oil Company, R. E. Arant, United Air Lines, and Samuel R. Schreckendgust. On February 25, 1952, appellant Union Oil Company (a defendant in that action) filed a cross-complaint against Schreckendgust, United Air Lines, Hector J. McVicar, Walton N. Moore Dry Goods Company, Inc., and others.

It appears that a three-vehicle accident occurred November 29, 1951. Hector J. McVicar was the driver of one automobile; Samuel R. Schreckendgust was the driver of another vehicle; and R. E. Arant was the driver of an oil truck belonging to appellant Union Oil Company. Schreckendgust was in the general employ of respondent United Air Lines at the time.

The action was tried before a jury. After all the evidence was in and all the parties had rested respondent United Air Lines moved for a judgment of nonsuit on the cross-complaint against appellant cross-complainant Union Oil Company on the ground that there was no evidence from which the jury could find that at the time and place of the accident Schreckendgust was an employee of United in the course and scope of his employment. The court granted the motion on that ground.

The trial resulted in a judgment for plaintiff McVicar against defendant Schreckendgust in the sum of $16,170 and in favor of defendants Union Oil Company and Arant. On the cross-complaint judgment was entered for appellant cross-complainant Union Oil Company against cross-defendant Schreckendgust in the sum of $8,697.99 and in favor of cross-defendants McVicar and Walton N. Moore Dry Goods Company (the employer of McVicar).

It is appellant's position on this appeal that it was error for the trial court to determine as a matter of law that at the time and place of the accident Schreckendgust was not an employee of respondent United Air Lines in the course and scope of his employment. It maintains the question of scope of employment was one for the jury in this case.

Schreckendgust was an airplane mechanic employed by respondent. Up until November 28, 1951, he was stationed at San Francisco Airport. About November 1, 1951, respondent posted a notice to all employees that they might bid for a job vacancy at Geiger Field, located near Spokane, Washington. Schreckendgust bid for this job and was accepted. He was notified by respondent that he would be transferred to Spokane. He left San Francisco on November 29, 1951, planning to go to work in Spokane on December 1, 1951.

Schreckendgust drove his own pickup truck in moving to his new job. His tools were in the truck with him. If Schreckendgust had so elected respondent would have transported him and his family to Spokane in one of its airplanes free of charge. He was not instructed by respondent in any particular as to how he was to travel, what route he should take, or when he should leave. He was not paid any moving expenses and was not paid a salary for the time spent by him in arriving at Spokane.

The accident occurred between Orland and Corning, California about 2 p. m. on November 29, 1951. Schreckendgust arrived in the vicinity of Spokane at about 9 p. m. November 30, 1951. He started to work at Geiger Field the next day, December 1, 1951.

When Schreckendgust was stationed at the San Francisco Airport he had two days a week off. For the week of November 25, 1951, his scheduled days off were November 29 and November 30. He was paid by respondent by the hour and if he failed to work on a day on which he was scheduled to work, he was not paid for that day. He was paid for November 28 but not for November 29 or 30. He worked at Geiger Field on December 1, 1951, and was paid his wages for that day. He was carried on the Spokane payroll on November 29 without pay. His transfer to Spokane was effective on November 29 and his pay started when he reported for work on December 1, 1951.

We are satisfied that the nonsuit was properly granted. It is true, as pointed out by appellant, that it was to the employer's interest that Schreckendgust travel in some manner between San Francisco and his new place of employment in Spokane so that he could report to work there on December 1, but the essential element of the right to exercise any control over his choice of the means of getting to Spokane is here entirely absent.

■ "The essential characteristic of employment relationship is the right to control and direct the activities of the person rendering service, or the manner and method in which the work is performed. (*Industrial Indem. Exch.* v. *Industrial Acc. Com.,* 26 Cal.2d 130, 135 [156 P.2d 926].) Existence of the right is often tested by determining whether, if instructions were given, they would have to be obeyed. (*Riskin* v. *Industrial Acc. Com.,* 23 Cal.2d 248, 253 [144 P.2d 16].)'' (*Villanazul* v. *City of Los Angeles,* 37 Cal.2d 718, 721 [235 P.2d 16]; Lab. Code, § 3000; Rest., Agency, § 220(1)).

■ By this test Schreckendgust was not acting as an employee in going from San Francisco to Spokane. The employer had no right to control or direct Schreckendgust as to the time, route, mode of transportation or any feature of his going from San Francisco to Spokane. He could have gone in an airplane of his employer free of charge. He could have gone by bus, train, motorcycle, automobile or have flown his own private airplane if he had one. He could start when he pleased, stop when he pleased and go by any route that he pleased so long as he arrived in Spokane in time to report for work on December 1. His employer not only had no right to direct him to go by any particular means of transportation but also no right to forbid him to do so. He could have driven a car with faulty or no brakes and his employer had no right to interfere. To put the test of the cited case, if instructions were given they would not have to be obeyed.

Appellant relies on *Gaytan Eng. Co.* v. *Industrial Acc. Com.,* 95 Cal.App.2d 740 [213 P.2d 737]. The case is not parallel. In the Gaytan case the employee was a painter who had used his own truck in his employer's business and was compensated for its use on the job. He had been working at an airbase at Muroc and was directed by his foreman to go to another job at Inyokern. Muroc and Inyokern are small desert communities. The transfers from job to job were made at the expense of the employer and the employee was paid for his time in going from one job to another. "(T)here was the added circumstance that the company might have use for his truck on the Inyokern job as it had been used on the Muroc job."

Under all of the circumstances the facts were sufficient to establish not only that the employer understood that Gaytan would travel between the two jobs in his own truck but at least impliedly authorized him to do so. The court

cited cases from other jurisdictions to the effect "that under such circumstances the services will be deemed to have been continuous *if the evidence shows that the parties acted with that understanding.*" (95 Cal.App.2d 743, emphasis ours.) The differences between that case and similar cases from other jurisdictions cited by appellant and ours are marked and obvious.

A case nearly in point with the one before us is *United States* v. *Sharpe,* 189 F.2d 239. There a soldier who was driving his own car from one Army post at which he had been stationed to another to which he had been transferred injured the plaintiff. Under the Federal Tort Claims Act which makes the United States liable for an employee's tort where the employee is "acting within the scope of his office or employment" the plaintiff sought a recovery against the United States. The court stated (p. 240): "The fact that he was going to Elgin Field where it was his duty to report at a certain time does not impose liability on the government, for he had undertaken to get there on his own responsibility and the operation of the automobile was undertaken on that responsibility, not as an activity of the government." The court at page 241 quoted with approval the following language from a similar case, *United States* v. *Eleazer,* 177 F.2d 914, 916: "It is true that he had been ordered to report on September 1 at Corpus Christi and had been directed to travel there so that he could be reimbursed for the expense of travel at the regular mileage rate; but he and not the government selected the means of transportation and *no officer of the government had any right to exercise control* over his operation of the means chosen. All that the government was interested in was that he report for duty at Corpus Christi on Sept. 1, and he could travel there by rail, by bus, by car or by air as he saw fit. When he chose to drive his own car, instead of availing himself of commercial transportation, he was acting in furtherance of his own purposes, not those of the government; and his action in driving the car cannot reasonably be said to have been action taken within the scope of his employment or office." (Emphasis ours.)

There is no dispute as to the facts in this case and no room for conflicting inferences so that the court can say as a matter of law that the doctrine of respondeat superior does not here apply. (*Bourne* v. *Northern Counties Title Ins. Co.,* 4 Cal.App.2d 69, 71 [40 P.2d 583].)

The mere fact that Schreckendgust was transporting his tools to the new place of work will not support a finding that he was acting in the scope of his employment since the employer had no right of control over the choice of the means by which the tools should be conveyed from one place of employment to the other.

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.