**UNITED STATES of America, Appellee,**

v.

**John Henry LEE, Appellant.**

**No. 74-1029.**

United States Court of Appeals,
Eighth Circuit.

July 18, 1974.

Certiorari Denied Nov. 11, 1974.
See 95 S.Ct. 322.

---

D. R. Busick, Fraser, Stryker, Veach, Vaughn & Meusey, Omaha, Neb., for appellant.

William K. Schaphorst, U. S. Atty., and Thomas C. Thalken, Asst. U. S. Atty., Omaha, Neb., for appellee.

Before GIBSON, LAY and STEPHENSON, Circuit Judges.

LAY, Circuit Judge.

Defendant John Henry Lee pleaded guilty to one count of knowingly and intentionally distributing heroin in violation of 21 U.S.C. § 841(a)(1). At the time of his plea, he was serving a ten-year sentence in the state of Iowa for an unrelated offense. The federal district court sentenced him to five years in prison to be followed by a special parole term of three years. The court directed that the federal term run consecutive to the state sentence. Thereafter, the defendant moved pro se to vacate his federal sentence. The district court considered his petition under 28 U.S.C. § 2255 and alternatively under Rule 35 Fed.R. Crim.P. and denied relief. The defendant thereafter filed this appeal.

The defendant alleges through newly appointed counsel on appeal (1) that he was denied a speedy trial, (2) that he was improperly denied an evidentiary hearing in the district court on his allegation of ineffective assistance of counsel, and (3) that the district court abused its discretion by refusing to sentence the defendant to a term to be served concurrent with his Iowa sentence. We deem the appeal frivolous and affirm the order of the district court.

The defendant did not raise the alleged denial of his right to a speedy trial in his motion for post-conviction relief and that question would ordinarily not be entertained in the first instance by this court on appeal. However, to avoid the processing of another frivolous petition, we choose to pass on the claim here. The law is clear that the defendant's guilty plea waived all non-jurisdictional defects, including the alleged denial of a speedy trial. Becker v. State, 435 F.2d 157 (8th Cir. 1970), cert. denied, 402 U.S. 981, 91 S.Ct. 1684, 29 L.Ed.2d 145 (1971); Pate v. United States, 297 F.2d 166 (8th Cir.), cert. denied, 370 U.S. 928, 82 S.Ct. 1569, 8 L. Ed.2d 507 (1962). Even if this were not so, defendant's claim is based solely on the fact that there was a 4½ month delay from the time of indictment to the time of his removal from state custody to federal custody for trial on the federal charge. No actual prejudice is shown to have resulted from this delay. More than the passage of time must be shown under these circumstances.

The district court properly denied the defendant's request for an evidentiary hearing on defendant's conclusory allegation that he was denied effective assistance of counsel. Before such a hearing is required, it is necessary to allege *facts* which, if true, would entitle the petitioner to relief. *See* Procunier v. Atchley, 400 U.S. 446, 91 S.Ct. 485, 27 L.Ed.2d 524 (1971). Here, the defendant stated mere conclusions totally unsupported by the records and files of the case and a hearing was not required. Poole v. United States, 438 F.2d 325 (8th Cir. 1971); Cardarella v. United States, 375 F.2d 222 (8th Cir. 1967).

Defendant's pro se motion was primarily motivated by his dissatisfaction with the district court's judgment that the sentence imposed commence after defendant's state incarceration. It was clearly within the discretion of the

district court to impose such a sentence.[1] Truesdell v. United States, 400 F.2d 859 (8th Cir. 1968); Pegram v. United States, 361 F.2d 820 (8th Cir. 1966).

Moreover, had the district court announced that the sentence imposed was to run concurrently with defendant's state sentence, this would have served only as a recommendation. It would have had no binding effect on the Attorney General, who, alone, is given the right to designate where a sentence is to be served. 18 U.S.C. § 4082(a); Hash v. Henderson, 385 F.2d 475 (8th Cir. 1967).

■ Counsel also argues that the federal detainer now placed on the defendant will deprive him of rehabilitative opportunities while in the Iowa penitentiary. The alleged deleterious effects of a detainer upon a prisoner's custody, however, should be addressed to the authority having custody, not the one requesting it. *Cf.* Cooper v. Lockhart, 489 F.2d 308 (8th Cir. 1973).

Judgment affirmed.

1. The maximum penalty which could have been imposed upon the defendant was a prison term of not more than 15 years and a fine of not more than $25,000, or both. 21 U.S.C. § 841(b)(1)(A). The three-year special parole term was required by 21 U.S.C. § 841(b)(1)(A).