Wesley AUSTIN, Appellant,

v.

Harold R. SWENSON, Warden, Missouri State Penitentiary, Appellee.

No. 75–1362.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 3, 1975.

Decided Sept. 19, 1975.

Benjamin Roth, St. Louis, Mo., filed typewritten brief and reply brief for appellant.

John C. Danforth, Atty. Gen., Neil MacFarlane, Asst. Atty. Gen., Jefferson City, Mo., and Nels C. Moss, Jr., Asst. Circuit Atty., City of St. Louis, St. Louis, Mo., filed typewritten brief for appellee.

Before LAY, STEPHENSON and WEBSTER, Circuit Judges.

WEBSTER, Circuit Judge.

Wesley Austin appeals from the order of the District Court dismissing without prejudice his habeas corpus petition upon the ground of non-exhaustion of state remedies.

In his petition, petitioner contended that he was denied due process by the manner in which he was tried and convicted. We consider here only petitioner's claim that the state prosecution withheld material evidence favorable to him as a defendant.[1] *See Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Evans v. Janing*, 489 F.2d 470 (8th Cir. 1973).

Austin was tried and convicted in the Circuit Court of St. Louis on a charge of assault with intent to kill. He was sentenced to a term of 25 years imprisonment. Upon appeal, his conviction was affirmed by the Supreme Court of Missouri. *State v. Austin*, 496 S.W.2d 799 (Mo.), *cert. denied*, 414 U.S. 1044, 94 S.Ct. 549, 38 L.Ed.2d 336 (1973). The facts at trial and the issues on appeal centered upon the identification of the defendant by the victim, a police officer, who was shot in the head by a passenger at the rear of an automobile the officer was investigating. At trial, the defendant attempted to obtain access to police reports by means of a subpoena. The trial judge refused to permit the defendant to examine the reports. A challenge to that ruling on appeal was rejected by the Supreme Court. *State v. Austin, supra*, 496 S.W.2d at 804–05. The same contention was asserted in the District Court in petitioner's habeas corpus petition.

The District Court ordered an evidentiary hearing. At the hearing, evidence was introduced that certain police reports contained undisclosed reports of a statement by one Leroy Harvey that he was in the company of one Vernell Thomas and one Perry Pitchford when one of them shot the police officer. The presence of such statement, along with other material in the report casting doubt upon the identification of the defendant by the victim, raised significant *Brady*[2] issues which are ripe for determination.[3]

The District Court, however, following a report and recommendation of the United States Magistrate,[4] concluded that the existence of new evidence warranted dismissal of the petition under the exhaustion doctrine in order "to protect and encourage federal-state court comity."

One of the express grounds for reversal asserted on direct appeal to the

1. Issues raised which are not specifically discussed herein included: (1) admission into evidence of a prejudicial photograph of petitioner's brother, (2) admission of prejudicial hearsay, (3) exclusion of evidence of misidentification by the victim, and (4) insufficiency of the evidence.

2. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *see Giles v. Maryland*, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967).

3. The police reports also disclose that the victim had at first thought the assailant was defendant's brother, Leslie Austin. It appears that this information was available to the Missouri Supreme Court, but it is not clear from the record whether the police reports referring to the Harvey statement were likewise before it.

4. In recommending that the habeas corpus petition be dismissed in order to permit further state proceedings, the Magistrate erroneously relied upon *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), and *Giles v. Maryland*, 386 U.S. 66, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1967). *Townsend* expressly contemplated a federal evidentiary hearing where significant new evidence was asserted "which could not reasonably have been presented to the state trier of facts. . . ." 372 U.S. at 317, 83 S.Ct. at 759. *Giles* was on *certiorari* to the Court of Appeals of Maryland and did not involve a federal habeas corpus petition.

Supreme Court of Missouri was the failure of the trial court to permit the defendant to examine the subpoenaed police reports. While the Supreme Court considered this issue in the context of use for possible impeachment purposes, we think the issue was properly before that court. Exhaustion does not require that all of the evidence shall have been submitted. Assuming the issue of favorable evidence to have been fairly raised in the state court, the federal court on habeas corpus review must determine whether there has been an adequate record upon which to review the constitutional issues. New evidence justifies an evidentiary hearing in the federal court, as was done in this case. *Townsend v. Sain*, 372 U.S. 293, 317, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Absent a willful withholding of evidence by the defendant in the state proceeding, the requirement of exhaustion does not preclude the District Court from entertaining the issue previously raised in state court and deciding the habeas claim upon the basis of new evidence. *Townsend v. Sain, supra.* We said in *Irby v. Missouri*, 502 F.2d 1096, 1098 (8th Cir. 1974):

> The exhaustion doctrine is not intended to give the state more than one full chance to pass upon the issues. Once the prisoner has brought an issue to the highest state court, he is not barred from seeking relief in federal court, notwithstanding the fact that he may have additional state collateral relief procedures open to him. *Brown v. Allen*, 344 U.S. 443, 448 n. 3, 73 S.Ct. 397, 97 L.Ed. 469 (1953).

The mere possibility of success in additional proceedings in state court does not bar federal relief. *Roberts v. LaVallee*, 389 U.S. 40, 42–43, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967). See *Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971).

■ The District Court conducted a full evidentiary hearing. We said in *Losieau v. Sigler*, 421 F.2d 825, 828 (8th Cir. 1970):

> The doctrine of exhaustion of state remedies is only a rule of comity and need not be mechanically applied where the state court, for procedural reasons, has once refused to pass upon the merits of the question. In any event, once jurisdiction is asserted and the federal district court has conducted a full evidentiary hearing, it would be a waste of judicial machinery to require a second evidentiary hearing by another court which exerts only concurrent jurisdiction.

See *Rice v. Wolff*, 513 F.2d 1280, 1291 (8th Cir.), *cert. granted*, 422 U.S. 1055, 95 S.Ct. 2677, 45 L.Ed.2d 707 (1975).

■ The respondent in its Response To Order To Show Cause conceded the issue of exhaustion.[5] We think, that upon the facts presented in this case, the District Court should have proceeded to resolve petitioner's constitutional claims upon the record before it, including the evidentiary hearing which it conducted. The judgment of dismissal is therefore vacated and the cause is remanded to the District Court for further proceedings consistent with this opinion.

---

**5.** This admission is qualified in respondent's brief before this Court in which it contends that the issues have been expanded and "elaborated" upon the basis of new evidence. It is, however, the new evidence presented at the federal hearing on the old issues which provides the elaboration. That information was supplied by the state and was not available to petitioner in the earlier proceedings. A due respect for comity does not require that federal proceedings be halted each time the state produces additional evidence potentially favorable to the petitioner.