**GARRETT FREIGHTLINES, INC.,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**Charles R. THOMAN,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**Nos. 74–1201 and 74–1202.**

United States Court of Appeals,
Ninth Circuit.

Jan. 30, 1976.

---

Federal Tort Claims Act (28 U.S.C. § 1346(b) and § 2671 *et seq.*), and denying the motion for partial summary judgment of plaintiffs, appellants herein.

The issue is whether or not Sgt. Randall W. Reynolds, a member of the United States Army, was acting within the scope of his employment with appellee United States when he was involved in an automobile accident while driving in the state of Idaho.

THE RECORD:

The evidentiary record is substantially as follows:

On July 30, 1970, Sgt. Reynolds, then stationed at Fort Rucker, Alabama, and living with his wife in private housing, received orders reassigning him to Vietnam and directing him to report to Oakland, California, for transportation to Vietnam. As part of these orders, Reynolds was granted 45 days of authorized leave (described as "delay en route") and 7 days travel time not charged as leave, for his trip from Alabama to Oakland. Travel pay was authorized on an automobile mileage basis from Alabama to Oakland for travel by private automobile. As Reynolds had designated, his household furniture was shipped at government expense to Portland, Oregon, where he expected to have his wife live while he served in Vietnam, and where he expected to spend most of his leave. Although driving to Oakland via Portland was not the most direct way to go, it is agreed that Reynolds was free to take the route he chose, and his military superiors were well aware of his intention to drive to Portland to spend his leave time.

Reynolds and his wife left Alabama for Portland and Oakland on November 9, 1970. While driving through Idaho, on their fifth day of travel, November 13, 1970, Reynolds' car collided with a vehicle owned by plaintiff-appellant Garrett and driven by plaintiff-appellant Thoman causing damage to each

Callis A. Caldwell (argued), Johnson & Olson, Pocatello, Idaho, for defendant-appellant.

Paul L. Westberg, Asst. U. S. Atty. (argued), Boise, Idaho, for plaintiffs-appellees.

OPINION

Before HUFSTEDLER and KENNEDY, Circuit Judges, and SWEIGERT,* District Judge.

SWEIGERT, District Judge:

This is an appeal in two consolidated cases from the District of Idaho of an order granting a motion for summary judgment in favor of the defendant United States, appellee herein, under the

---

* The Honorable William T. Sweigert, United States District Judge for the Northern District of California, sitting by designation.

vehicle and injury to each driver, including allegedly severe and permanent injury to Thoman. Reynolds was hospitalized in Idaho for four days at government expense.

Appellants, alleging negligence by Reynolds, brought suit for damages against the federal government under the Federal Tort Claims Act.

APPLICABLE LAW:

■ Under the language of the Federal Tort Claims Act, at 28 U.S.C. § 1346(b), the government is liable for the negligent acts of its employee "while acting within the scope of his office or employment . . . in accordance with the law of the place where the act or omission occurred." The governing law in this case is, therefore, the law of Idaho.

We have been unable to discover any *respondeat superior* cases from the Idaho courts dealing specifically with the factual situation presented here, i. e., with the transfer of an employee from one facility of his employer to another. However, in *Van Vranken v. Fence-Craft,* 91 Idaho 742, 430 P.2d 488 (1967) the Idaho Supreme Court in one of its most recent *respondeat superior* cases followed and applied the principle of the "right to control" the employee's activities—the same principle that was applied to such a factual situation in the California case of *McVicar v. Union Oil Co.,* 138 Cal.App.2d 370, 292 P.2d 48 (1956), which case was, in turn, recognized by this court in *Chapin v. United States,* 258 F.2d 465 (9th Cir. 1958), *cert. denied,* 359 U.S. 924, 79 S.Ct. 607, 3 L.Ed.2d 627 (1959).

In the Idaho *Van Vranken* case one Bray, the manager of a fencepost mill, was involved in an accident while returning to the mill after driving into Lewiston, Idaho, to purchase some parts for a saw at the mill and also to take his wife to a dentist's appointment. The Idaho Supreme Court reversed a dismissal of the case as to Bray's employer and held, concerning the issue of whether Bray was acting within the scope of his employment at the time of the accident, as follows:

"In the ultimate determination of whether one, alleged to have been operating within the scope of his employment when and where he committed a tort, was then and there functioning as a servant and not as an 'independent contractor,' an important guidepost is the right to control reserved by the employer over the functions and duties of the agent.

"   . .   .

"Since the principal concern is with the 'right to control' the activities of the agent reserved by the employer and not with the extent of control actually exercised, except insofar as actual control may evidence the right, *Burlingham v. Gray,* 22 Cal.2d 87, 137 P.2d 9 (1943), the fact that the agent may be imbued with some discretion in the performance of his duties is not determinative of his status for purposes of the imposition of liability for his negligence against his principal. Unless the evidence bearing on the question is susceptible of only one inference, the question is peculiarly one for the jury." 91 Idaho at 747, 430 P.2d at 493–494 (citations omitted).

■ Thus Idaho in *Van Vranken* emphasizes the "right to control" as the "principal concern" in determining whether the employee was acting within the scope of his employment.

In *Chapin, supra,* in which we cited *McVicar, supra,* a soldier was transferred from a base in California to one in Texas on orders authorizing travel by private automobile and providing for travel time and delay en route, and was involved in an automobile accident in California en route to his new base. In *Chapin* (pp. 469–71) our court held, relying on *McVicar,* that travel between permanent duty stations by a soldier, like travel between job locations by an employee, "is conduct the control of which is beyond the terms of the employment relationship," and as such is merely travel during employment

and not travel within the scope of employment.[1]

In *McVicar, supra,* an employee of United Airlines had been transferred by his employer from United's facilities in San Francisco to the company's facilities in Spokane and had been involved in an automobile accident in California en route to his new place of employment. The California Court of Appeal held that he was not traveling within the scope of his employment at the time of the accident because:

> "The employer had no right to control or direct [the employee] as to the time, route, mode of transportation or any feature of his going from San Francisco to Spokane. . . . His employer not only had no right to direct him to go by any particular means of transportation but also no right to forbid him to do so. . . . To put the test of the cited case, if instructions were given they would not have to be obeyed." *McVicar,* 138 Cal.App.2d at 373, 292 P.2d at 50, quoted in *Chapin,* 258 F.2d at 469.

It thus appears that the applicable principle of *respondeat superior* in

Idaho, as stated in *Van Vranken,* is the very principle applied in California's *McVicar* and in our *Chapin* as controlling a factual situation similar to the pending case—the principle of the "right to control". We have recognized the absence of such a right to control in cases where a soldier is traveling between permanent duty stations.

The evidence in the present case is, therefore, susceptible of only one inference with regard to Sgt. Reynolds' travel —i. e., that he, like the soldier in *Chapin,* and the airline employee in *McVicar* was traveling between permanent duty stations, and, therefore, traveling "merely during employment" and not within the scope of employment.

For the foregoing reasons, following *Chapin* but applying what we conclude to be the law of Idaho, we hold that Sgt. Reynolds was not traveling within the scope of his employment at the time of the accident herein within the meaning of the law of Idaho.

Accordingly the judgment of the district court is affirmed.

---

1. Our language in *Chapin* was as follows:

> "We conclude the basis of the *McVicar* case to be that the act of travel by the employee is not one subject to the employer's control as a part of the duties the employee was hired to perform. Similarly, the act of a soldier's travel on a permanent change of station is not a part of the duties for which he is engaged. It is conduct the control of which is beyond the terms of the employment relationship.
>
> ". . . The ability to control must arise out of the employment relationship. The government's ability to control Pfc. Frehe's movement arose not out of its status as an employer, but by virtue of its military capacity. In our view the necessary element of control relates to the particular functions for which the employee was hired and cannot be supplied by the unique military status.

> ". . . The distinction approved in *Jozwiak v. United States,* D.C.S.D.Ohio 1954, 123 F.Supp. 65, at page 69, accurately states the California law as we view it:
>
> " 'There is a clear distinction between acts done within the scope of employment and acts done merely during the employment.'
>
> "Pfc. Frehe's duties were to be performed at his post. At the time of the accident his duties had terminated at Norton Air Force Base and had not yet begun at Ft. Hood. Unless a soldier is to be considered peculiarly different from other employees of the government for the purposes of *respondeat superior,* the activity of traveling between permanent duty stations is 'merely during employment' and not within the scope of employment."
>
> 258 F.2d at 469–71 (footnotes omitted).