Wesley AUSTIN, Appellee,

v.

Donald WYRICK, Warden, Missouri State Penitentiary, Appellant.

No. 75–1886.

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1976.

Decided May 6, 1976.

Rehearing and Rehearing En Banc Denied June 10, 1976.

Neil MacFarlane, Asst. Atty. Gen., Jefferson City, Mo., for appellant; John C. Danforth, Atty. Gen., Jefferson City, and Nels C. Moss, Jr., Asst. Circuit Atty., St. Louis, Mo., on brief.

Benjamin Roth, St. Louis, for appellee.

Before GIBSON, Chief Judge, and ROSS and HENLEY, Circuit Judges.

PER CURIAM.

This state habeas corpus case has heretofore been before this court in *Austin v. Swenson,* 522 F.2d 168 (8th Cir. 1975). In that case, before Judges Lay, Stephenson and Webster, this court reversed the judgment of dismissal theretofore entered by the district court[1] and ordered further proceedings consistent with the views expressed in that opinion.

In our prior opinion Judge Webster summarized the facts which had been established in the evidentiary hearing before Judge Wangelin as follows:

---

1. The district court had dismissed the petition for failure to exhaust state remedies.

Austin was tried and convicted in the Circuit Court of St. Louis on a charge of assault with intent to kill. He was sentenced to a term of 25 years imprisonment. Upon appeal, his conviction was affirmed by the Supreme Court of Missouri. *State v. Austin*, 496 S.W.2d 799 (Mo.), *cert. denied*, 414 U.S. 1044, 94 S.Ct. 549, 38 L.Ed.2d 336 (1973). The facts at trial and the issues on appeal centered upon the identification of the defendant by the victim, a police officer, who was shot in the head by a passenger at the rear of an automobile the officer was investigating. At trial, the defendant attempted to obtain access to police reports by means of a subpoena. The trial judge refused to permit the defendant to examine the reports. A challenge to that ruling on appeal was rejected by the Supreme Court. *State v. Austin, supra*, 496 S.W.2d at 804–05. The same contention was asserted in the District Court in petitioner's habeas corpus petition.

The District Court ordered an evidentiary hearing. At the hearing, evidence was introduced that certain police reports contained undisclosed reports of a statement by one Leroy Harvey that he was in the company of one Vernell Thomas and one Perry Pitchford when one of them shot the police officer. The presence of such statement, along with other material in the report casting doubt upon the identification of the defendant by the victim, raised significant *Brady* issues which are ripe for determination. (Footnotes omitted.)

*Id.*, 522 F.2d at 169.

After deciding that Austin had exhausted his state remedies the panel ordered the district court to resolve Austin's constitutional claims upon the record before it, including the evidentiary hearing it had already conducted.

Upon remand the federal magistrate reviewed the evidence and the law relating thereto and made a report and recommendations to the district judge which the trial court relied upon in entering judgment for the petitioner granting the writ of habeas corpus. Judge Wangelin remanded the case to the Circuit Court of the City of St. Louis for retrial within 120 days. This appeal, by the state of Missouri, followed.

On this appeal the state of Missouri makes the following contentions:

1. That Austin was not deprived of his right to due process of the law as claimed in his petition for habeas corpus relief and in the evidentiary hearing in the district court below because of the manner in which he was tried and convicted.

2. That Austin was not deprived of his right to due process of the law because he was denied access to the police report.

In his report and recommendations to the district judge the magistrate dealt with these issues and although we do not adopt his findings and statements of the law as our own, we do subscribe to the basic elements of his report.

In this case it is clear that the victim at one time indicated that "the eyes of the subject * * * reminded me of a man I arrested by the name of Vernell Thomas." At another time he indicated that the driver of the car in which the assailant escaped might have been Janie Griffin who often associated with Leslie Austin, petitioner's twin brother. When the police attempted to locate Leslie Austin to permit the victim to identify him, they found Leslie to be in the penitentiary but they did locate his nonidentical twin, the petitioner, and twice brought him before the victim to be identified.[2]

The police report showed that prior to trial Harvey implicated Vernell Thomas and Perry Pitchford in the crime. The police report also established that a food store was robbed a few minutes before the victim was shot; that the car carrying the assailant was stopped to investigate this particular crime; that a pistol stolen at the food mart was found at the scene of the shooting of the victim which resulted from stopping

2. All of this was known to petitioner's counsel prior to trial.

this car; and that no witness at the food store robbery could identify petitioner as a participant in the food store robbery.

This information was not brought out at the trial. Defense counsel attempted to show that no witness to the food store robbery had identified petitioner but was not permitted to do so because the food store robbery was not then shown to have been committed by the same person or persons who later shot the officer. The information in the police report, apparently not known to defense counsel, concerning the gun stolen at the food store being found at the scene of the shooting would have established this link. This in turn should have permitted defense counsel to show that no food store witness had identified petitioner as a participant in that robbery even though they were all given that opportunity.

At trial, despite defendant's request for all the police reports containing this potentially exculpatory information known to the prosecution, the evidence was denied to petitioner's counsel after objection by the state prosecutor. The petitioner was convicted solely upon the eyewitness testimony of the victim who had earlier given potentially conflicting statements to his fellow officers. The extent of these conflicts and other exculpatory information was contained in the police reports which were not revealed to petitioner's counsel.

We agree with the report of the magistrate wherein he states as follows:

We cannot help but conclude that where the state's evidence is as thin as it is in the Austin case, which is supported only by a "one-on-one" identification, that almost any admissible exculpatory evidence would be "capable of clearing or tending to clear the accused of guilt". We now have evidence before us, which neither the trial judge nor the Missouri Supreme Court considered, which in our view justifies a remand and a new trial.

\* \* \* \* \* \*

In *Brady v. Maryland,* supra, [373 U.S. 83 (83 S.Ct. 1194, 10 L.Ed.2d 215) (1963)] the Supreme Court held that "the sup-pression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution". They further held, "A prosecution that withholds evidence on demand of an accused which, if made available, would tend to exculpate him or reduce the penalty helps shape a trial that bears heavily on the defendant. That casts the prosecutor in the role of an architect of a proceeding that does not comport with standards of justice, even though, as in the present case, his action is not 'the result of guile' to use the words of the Court of Appeals." (Citation supplied.)

The judgment of the trial court is affirmed.