Clovis Carl GREEN, Jr., Petitioner,

v.

Donald W. WYRICK, Warden, Missouri State Penitentiary, Department of Corrections, Director, Respondent.

No. 77-0076-CV-W-4.

United States District Court,
W. D. Missouri, W. D.

May 27, 1977.

Louis C. DeFeo, Jr., Jefferson City, Mo., for petitioner.

Philip M. Koppe, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

ELMO B. HUNTER, District Judge.

On January 25, 1977, petitioner Green filed a *pro se* petition for writ of habeas corpus in the Central Division of this Court. Of the seven total claims raised by that petition, three relate to the alleged invalidity of petitioner's conviction; the others concern matters pertaining to his present confinement in the Missouri State Penitentiary. Pursuant to established procedures of this Court, the three claims relating to petitioner's conviction were by an Order entered February 1, 1977, severed from the other four claims, transferred to the Western Division, and assigned the present case number. Thus this present action is limited solely to those three separate claims each of which challenges the validity of his guilty plea to a charge of rape entered in the

Circuit Court of Jackson County, Missouri, on June 25, 1975.

This habeas proceeding is at least the third such action which petitioner has instituted in this Court to challenge his guilty plea and sentence. On May 13, 1976, petitioner's first petition for writ of habeas corpus, Case No. 75 CV–498–W–4, was denied upon the finding that petitioner's plea of guilty was knowing and voluntary despite his allegation that he entered that plea in order to avoid the consequences of an indeterminate confinement which under state law could have been imposed if petitioner had stood trial and had been acquitted by reason of insanity. *Green v. Wyrick*, 414 F.Supp. 343 (W.D.Mo.), affd., 542 F.2d 1178 (8th Cir. 1976).[1] A second petition for writ of habeas corpus, Case No. 76 CV–328–W–4, was subsequently denied on January 11, 1977. *Green v. Wyrick*, 428 F.Supp. 744 (W.D.Mo.1977). In that action petitioner raised the single claim that his ten year sentence was enhanced upon the sentencing court's consideration of two prior unconstitutional convictions. That claim was found to be without merit for the reason that the record of the state proceedings clearly reflects that petitioner entered his plea of guilty pursuant to a plea bargain in return for a state recommendation that he be sentenced to ten years.

The three claims raised by petitioner in the present action are as follows: 1) "The sentencing court judge, Honorable Keith Bondurant, was improperly involved in the plea negotiations"; 2) "The Honorable Judge Keith Bondurant considered two prior unconstitutional felony convictions in the plea bargain of 10 years"; and 3) "The counsel for petitioner gave incorrect legal advance advice and the petitioner personally pled guilty based on that incorrect advance advice." Each of these claims will be described in further detail as they are separately considered below.

On March 3, 1977, the respondent was directed to respond to petitioner's claims. On timely filing of that response, the issues

---

1. The factual history antedating Mr. Green's plea on June 25, 1975, is set out in the Court's

memorandum and order reported at this citation and will not be repeated here.

in this cause were joined. Subsequently the Court determined that an evidentiary hearing was necessary to properly determine petitioner's claim that his plea was induced by incorrect legal advice rendered by his counsel. In the interests of justice counsel was appointed to assist petitioner in presenting that claim to the Court. Pursuant to an order entered March 14, 1977, a full evidentiary hearing was held on May 2, 1977, to afford petitioner the opportunity with the assistance of his appointed counsel, to present any and all evidence bearing on his claim of inadequate counsel. Upon the filing of post-hearing briefs, the Court deems this cause to be fully submitted and ready for final disposition.

■ It is appropriate to first dispose of the second claim listed above for the reason that it is precisely the same claim raised and denied in case No. 76 CV–328–W–4. In that case the Court found that petitioner had knowingly and voluntarily entered his plea of guilty in light of the fact that the state would recommend a sentence of ten years and, accordingly, petitioner's contention that his sentence was enhanced by the trial court's consideration of other allegedly invalid convictions was totally without merit. Section 2244(a) of Title 28, United States Code, provides that a successive petition for writ of habeas corpus need not be entertained if a claim has been denied on the merits and no new ground is presented unless the interests of justice will be served by a reexamination of the claim. In response to an order to show cause why this claim should not be summarily dismissed pursuant to § 2244(a), petitioner responded by stating that he did not receive a copy of the final order in case No. 76 CV–328–W–4 and thus desired the Court to reconsider the claim to afford him the opportunity to appeal. The Court is of the view that this is an insufficient reason for reexamination of this claim which has already been denied on the merits. However, in the exercise of its discretion, the Court will for the record adopt its finding in case No. 76 CV–328–W–4 for purposes of this action. The Court has carefully considered petitioner's present allegations in support of this claim and has

reviewed the allegations and matters of record in case No. 76 CV–328–W–4. Upon that total review, the Court is satisfied that the claim is without merit for the reasons stated in its prior memorandum and order of January 11, 1977. *Green v. Wyrick*, 428 F.Supp. 744 (W.D.Mo.1977). Accordingly, the claim of sentence enhancement will be denied.

In this action petitioner also claims that his guilty plea is invalid for the reason that "the sentencing court judge, Honorable Keith Bondurant, was improperly involved in the plea negotiations." In support of that claim, petitioner alleges the following:

"The Honorable Keith Bondurant was intimately aware and involved in the plea bargaining prior to the time that the Petitioner was sentenced. The Petitioner wanted 5 years sentence and the prosecutor wanted 15 years, and it was the judge who decided to have a 10 year sentence. This denied the Petitioner the right to an impartial court judge.

"The Petitioner was not prepared to go to trial on the sentencing date, however, the attorney for the Petitioner informed the Petitioner that the Judge Honorable Keith Bondurant would refuse to honor a continuance and would force the Petitioner to go to trial on the case by jury. The Petitioner wanted a trial by judge and not by jury, with the evidence stipulated to, so that the issue could be preserved for appeal on the denial of a private psychiatrist. The judge Honorable Keith Bondurant refused the offer and would force a trial by jury. The Petitioner was informed by counsel that he would receive a sentence of 30 to 40 years if he went to trial by jury, whereas he would be given 10 years if he plead guilty. Since the Petitioner was not prepared to go to trial and did not have the witnesses available, the Petitioner was being railroaded and would be intimadeded (sic) into pleading guilty against his will."

■ The Court notes first that petitioner has not exhausted his available state remedies with respect to this claim. Although

this issue was raised and presented to the state trial and intermediate appellate courts in a motion pursuant to Rule 27.26, Mo.R. Crim.P., petitioner has failed to seek review in the Missouri Supreme Court of the denial of his motion by the Missouri Court of Appeals, Kansas City District, on August 2, 1976. In the absence of a showing that the highest appellate court has had an opportunity to pass on a habeas claim, in this instance by means of a motion to transfer to the Missouri Supreme Court under Rules 83.02 and 83.03, the exhaustion requirement of 28 U.S.C. § 2254 is not satisfied. *Franklin v. Wyrick*, 529 F.2d 79 (8th Cir. 1976); *Drake v. Wyrick*, 415 F.Supp. 814 (W.D.Mo. 1976).

Because of the conclusion that petitioner has not exhausted all available state remedies, the appropriate disposition of this claim would ordinarily be to dismiss it without prejudice in order to allow petitioner to seek review at all levels of the state court system. However, as this Court has heard evidence bearing on this claim and as the exhaustion requirement is a rule of comity and not one limiting the habeas jurisdiction of the federal courts, it is appropriate and proper to dispose of the present claim on the merits. *Austin v. Swenson*, 522 F.2d 168 (8th Cir. 1975); *Losieau v. Sigler*, 421 F.2d 825, 828 (8th Cir. 1970); *Green v. Wyrick*, 414 F.Supp. at 350.

In the memorandum and order denying petitioner's first habeas corpus before this Court, the Court stated:

"Upon review of the transcript of the June 25, 1975, plea proceeding during which petitioner entered his plea which he challenges here and in light of his testimony at this Court's hearing of January 20, 1976, the Court entertains no doubt that petitioner's plea of guilty was one which was fully voluntary and intelligent."

*Green v. Wyrick*, 414 F.Supp. at 352. After consideration of the credible evidence adduced during the hearing held May 2, 1977, the Court reaffirms that finding that petitioner's plea was wholly voluntary and knowing and rejects petitioner's allegations that actions of the state trial court coerced the guilty plea. The testimony of Mr. Robert Duncan, who represented petitioner after his appointment by Judge Bondurant on March 19, 1975, clearly establishes that petitioner voluntarily and knowingly entered into the plea arrangement after sound, thorough and competent advice of counsel. Mr. Duncan testified, contrary to petitioner's allegations, that 1) the plea negotiations were conducted with the prosecutor's office, 2) it was that office which refused to accept a plea in return for a five year sentence recommendation, and 3) it was also that office which would not accept petitioner's plan to waive a jury trial to preserve certain issues for appeal but at the same time limit his maximum sentence to ten years.

Counsel's testimony does substantiate petitioner's charge that Judge Bondurant would not accept further trial continuances beyond June 25, 1975. However, that testimony in no way supports the further allegation that this was a matter which coerced petitioner's plea. First, the petitioner's decision to accept a plea bargain for ten years was made initially on June 6, 1975, and not on the morning of June 25, 1975. Secondly, petitioner's claim that he was forced on June 25, 1975, to enter a plea because certain witnesses were not available for trial on such short notice is contradicted by counsel's testimony which shows that counsel had learned through investigation well before that date that the witnesses had earlier left the country.[1] In summary, the Court

---

1. Mr. Duncan testified that at one point he considered filing a pretrial motion claiming denial of the constitutional right to speedy trial on the basis that the nearly one year delay from arrest to trial had deprived petitioner of the opportunity to present those witnesses on his behalf. He abandoned that idea, however, in light of the fact that Mr. Green, on his own or through previous counsel, had on more than one occasion requested delay of any trial setting. It is clear also from counsel's testimony that the value of those witnesses was in his opinion minimal for defense purposes and that petitioner had been carefully advised that a defense centered around those witnesses had little likelihood of success.

finds from all of the credible evidence of record in this cause that petitioner was not coerced into pleading guilty by any action taken by Judge Bondurant. The transcript of the plea proceeding on June 25, 1975, clearly shows that petitioner entered that plea for his own best interest and as a result of his own knowing and voluntary decision. As petitioner stated during those proceedings: "I understand what I am doing, and I am doing it of my own free will." Nothing petitioner has stated in his present petition or testimony convinces the Court that petitioner's present allegations are anything other than a frivolous and hindsighted attempt to set aside a plea which he entered pursuant to a wilful and knowledgeable bargain.

Petitioner's third claim in this cause is that his trial counsel, Mr. Robert Duncan, allegedly advised him that even upon an entry of a plea of guilty he could preserve certain issues relating to the alleged unconstitutionality of the Missouri statutes providing for a criminal defense based on mental disease or defect. Because of that "incorrect advance advice", as petitioner terms it, and because of his claimed reliance on that advice, petitioner now contends that his guilty plea was not voluntary and knowledgeable and therefore must be vacated.

■ The Court would first note that if it did not believe that the interests of justice are best served by disposing of this particular claim on its merits, it would clearly be appropriate to summarily dismiss this claim pursuant to 28 U.S.C. § 2244(b) for abuse of the writ of habeas corpus.[2] The Court has already noted that it has twice adjudicated claims raised by petitioner challenging his guilty plea. In neither instance did petitioner present this claim for determination. Although petitioner contends that this claim was raised in his first action, case No. 75 CV-498-W-4, examination of the file in that case reflects that the sole reference to this claim was made in a copy of a petition for writ of state habeas corpus attached to petitioner's official form petition filed in this Court. Although petitioner was appointed counsel in that case and later testified at length during the evidentiary hearing held in that cause, he failed to ever properly plead or otherwise raise the present issue relating to competence of counsel. In fact when given the opportunity to raise any such issue during the hearing in case No. 75 CV-498-W-4 upon being asked if he had "any complaint at all" about Mr. Duncan's representation of him during his state proceedings, petitioner responded as follows: "No, he did a very good job; I have to admit that."

Given the clear evidence that petitioner has known of this particular claim from before institution of his first habeas action in this Court and yet has never presented it for adjudication in two separate cases, the only conclusion that is reasonable is that petitioner has engaged in a deliberate piecemeal attack on his guilty plea and conviction. Such abuse of the writ is proper grounds for summary dismissal of the claim in the opinion of this Court.[3]

Although the Court is very inclined to dismiss petitioner's third claim for the reasons just stated, it is convinced for reasons of judicial economy and in the interests of justice which favor final, definitive determination of criminal proceedings that the merits of petitioner's present claim should

---

**2.** If, as petitioner says, he raised this claim in the state courts by means of a petition for writ of habeas corpus and not by a motion under Rule 27.26, Mo.R.Crim.P., he has also failed to exhaust his adequate and available state remedies. "It is well settled in this district that the summary denial of a petition for habeas corpus by the Supreme Court of Missouri does not constitute the exhaustion of state remedies." *Green v. Wyrick, supra* at 347. However, for reasons stated in that opinion and earlier in this memorandum, the Court deems it appropriate to dispose of this claim on other grounds.

**3.** It should be noted that, alternatively, the present claim might well be a "successive" petition for writ of habeas corpus inasmuch as petitioner has already challenged his guilty plea on the ground that it was involuntary. See 28 U.S.C. § 2244(a). See also *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); *Steele v. United States*, 558 F.2d 1036 (8th Cir. 1977).

be reached and decided. Accordingly, and for the following reasons, petitioner's claim that his guilty plea was not knowing and intelligent will be denied on the merits.

The Supreme Court has held that

" . . . a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)]."

*Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 202 (1973). *McMann* teaches that " . . . a defendant's plea of guilty based on reasonably competent advice is an intelligent plea . . . ." *McMann v. Richardson*, supra, 397 U.S. at 770, 90 S.Ct. at 1448. The standard recently enunciated by the Eighth Circuit Court of Appeals is that " . . . trial counsel fails to render effective assistance when he does not exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *United States v. Easter*, 539 F.2d 663, 666 (8th Cir. 1976). From the credible evidence presented during the hearing of May 2, 1977, particularly the testimony of Mr. Robert Duncan, the Court is soundly convinced that petitioner's legal representation during his state proceedings more than met the foregoing standards.

■ Upon his appointment to represent petitioner on March 19, 1975, Mr. Duncan thoroughly investigated all factual and legal matters surrounding the charge against his client. In particular, he undertook to investigate the possibility of defending petitioner on a theory of insanity as well as on a theory of a general denial of the charge. Past medical and psychiatric reports pertaining to Green were obtained and a pretrial motion seeking evaluation by a private psychiatrist at state expense was filed at the petitioner's request. After this thorough investigation, counsel advised petitioner that in his opinion the weight of the evidence left little, if any, possibility for acquittal on the charge of rape either on a theory of general denial or by reason of insanity. Mr. Duncan, in fact, testified that he was of the view, which he expressed to petitioner that there was insufficient evidence to support a submissible case of mental disease or defect. In view of the evidence, counsel advised petitioner that he could plead guilty pursuant to a plea bargain for a state recommendation of a sentence of ten years or stand trial with a strong probability of conviction resulting in a jury imposed sentence of thirty or more years.

■ Petitioner does not, however, actually challenge the fact that he was more than adequately and effectively represented in any of the aforementioned facets of Mr. Duncan's representation. He insists rather that he made his decision to plead guilty under the plea bargain arrangement based on counsel's erroneous advice that he would not waive his proposed constitutional challenge to Missouri's criminal insanity statutes. This allegation is simply not credible. Counsel testified that he only advised petitioner of his personal opinion that there might possibly be a chance for later collateral attack if a guilty plea were entered to avoid a possible indeterminate confinement which could possibly result under the insanity statute. Mr. Duncan stated that his opinion was based on a single Missouri case which had overturned a guilty plea upon collateral attack, but in view of the fact that this was unusual he advised his client that he certainly would not guarantee any chance of a successful collateral attack on a guilty plea.

The sum of Mr. Duncan's testimony is that he never promised or even advised Green that his guilty plea could be collater-

ally attacked with success. The record in this cause clearly shows that petitioner was advised by counsel and the trial court that his guilty plea constituted a general waiver of constitutional rights and counsel only advised petitioner that a single Missouri case might conceivably be the basis for an *attempted* collateral attack on his plea.

The evidence also supports the finding, which the Court now makes, that petitioner fully understood that Mr. Duncan was telling him that generally the law was against a collateral attack on his guilty plea of the nature petitioner desired to make, and that at best petitioner could only attempt to get his guilty plea set aside with little or no hope of success. Mr. Duncan's advice appears to be careful, sound, and knowledgeable based on and consistent with the governing Missouri and Federal law, and, hence, the advice given affords no basis for a successful claim of incompetent counsel.

From the evidence, this Court finds that petitioner entered his plea of guilty knowingly and voluntarily with a full understanding of the consequences of that plea and after competent and effective assistance of counsel. Upon that finding, petitioner's third claim in this cause will be denied.

Accordingly, for all of the foregoing reasons, it is therefore

ORDERED that petitioner's petition for writ of federal habeas corpus be, and the same is hereby, denied in all respects.