**Michael Rene CARTER, Petitioner,**

v.

**John GAGNON, Respondent.**

**Civ. A. No. 79–C–954.**

United States District Court,
E. D. Wisconsin.

Sept. 23, 1980.

Michael Rene Carter, pro se.

Bronson C. LaFollette, Atty. Gen., and Michael R. Klos, Asst. Atty. Gen., Madison, Wis., for respondent.

## Decision and Order

REYNOLDS, Chief Judge.

This is an action brought pursuant to 28 U.S.C. § 2254 to review the conviction of the petitioner Michael Rene Carter by the Milwaukee County Circuit Court upon the entry of his plea of guilty to the charge of attempted murder in violation of §§ 940.01, 939.32, and 939.05, Wis.Stats., and the trial court's subsequent refusal to permit the petitioner to withdraw the guilty plea. After sentencing petitioner filed a motion in the trial court for post–conviction relief, which was denied, and he then took an appeal from the denial of his post–conviction motion and from the judgment of conviction. The conviction was affirmed by the Wisconsin Court of Appeals on December 7, 1978, and petitioner did not file a petition for review in the Wisconsin Supreme Court as permitted by § 809.62, Wis. Stats. He was represented by counsel in all proceedings before the trial court and the appellate court.

Petitioner now asserts that he did not file a petition for review because the Wisconsin Supreme Court grants only a small percentage of petitions and therefore he deemed it useless to pursue that remedy. Petitioner's substantive grounds for relief are, first, that there was insufficient evidence presented to the trial court to sustain the entry of conviction upon the plea of guilty, and, second, that petitioner had a defense of self defense to the charge of attempted murder, but was unaware that he could present such a defense at trial, and therefore his plea of guilty was not knowingly and voluntarily made.

There is some question whether a deliberate failure to pursue a discretionary state court remedy precludes federal habeas corpus review. Since the exhaustion requirement is designed to give the state courts an "opportunity" to pass on a federal constitutional claim, however, see *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Echevarria v. Bell*, 579 F.2d 1022, 1025 (7th Cir. 1978), it would appear that the state's highest court and not merely its intermediate appellate court should be given such opportunity, regardless of whether the court thereafter may decline to exercise its authority to hear the case. See *Franklin v. Wyrick*, 529 F.2d 29, 31 (8th Cir. 1976), cert. denied 425 U.S. 962, 96 S.Ct. 1747, 48 L.Ed.2d 208; *Green v. Wyrick*, 432 F.Supp. 965, 968 (W.D.Mo. 1977); *Choice v. Pennsylvania Board of Parole*, 448 F.Supp. 294, 295–296 (M.D.Pa. 1977).

Even were this court able properly to review the merits of the petitioner's claim, however, it would deny his petition. A plea of guilty is constitutionally valid if it represents a voluntary and intelligent choice among the alternate courses of action open to a defendant who is advised by competent counsel. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Journigan v. Duffy*, 552 F.2d 283 (9th Cir. 1977); *United States ex rel. Montgomery v. State of Illinois*, 473 F.2d 1382 (7th Cir. 1973). The plea must be supported by independent corroborative evidence of guilt but the prosecution need not prove each element of the charge beyond a reasonable doubt as it would have to do at trial. *Boykin v. Alabama*, supra; *Thundershield v. Solem*, 565 F.2d 1018, 1024 (8th Cir. 1977). The court is satisfied on review of the change of plea and post–conviction motion hearings before the state trial court that there was more than sufficient corroborative evidence of guilt introduced to support the conviction for attempted first degree murder. There was evidence presented to the trial court during the guilty plea hearing that petitioner entered a restaurant

through the kitchen with a knife in his hand, that one of the cooks who had been cutting dough turned toward petitioner with a knife in his hand, that petitioner stabbed the cook in the chest as soon as he turned, and that the cook was in intensive care and then in a regular ward of a hospital in critical condition for some time afterward.

Petitioner contends, however, that he only stabbed the cook after the cook moved toward him with the knife in his hand, therefore that petitioner had a valid claim of self defense, and that his attorney failed to advise him that he could present that defense at trial. Petitioner's attorney, on the other hand, stated during the guilty plea hearing that he had discussed all possible defenses with his client prior to the change of plea. Assuming that he did so, as the trial court found in issuing its decision denying the post–conviction motion, the petitioner cannot now challenge the change of plea because he has doubts about the wisdom of his choice. *Thundershield v. Solem*, supra, at 1025. Furthermore in this case petitioner also stated during the change of plea proceeding that he had discussed the case including all possible defenses carefully with his attorney, that he was voluntarily giving up his rights to a trial, to confront his accusers, and not to incriminate himself, and that he was aware of the consequences of his plea. See *Davis v. Wainwright*, 547 F.2d 261 (5th Cir. 1977).

 Even assuming that petitioner was not properly advised, but was instead told that he could not put forth a defense of self defense at trial, his plea is neither involuntary nor unintelligent unless he had constitutionally ineffective assistance of counsel in making the choice to plead. *Thundershield v. Solem*, supra, at 1025. An attorney is not incompetent so long as his performance meets a minimum standard of professional competence. *United States ex rel. Williams v. Twomey*, 510 F.2d 634, 641 (7th Cir. 1975), cert. denied sub nom. *Sielaff v. Williams*, 423 U.S. 876, 96 S.Ct. 148, 46 L.Ed.2d 109 (1975). Given the unavoidable uncertainty inherent in pleading guilty pri-

or to the introduction of the State's case, a guilty plea is not vulnerable to later attack simply because the attorney's judgment may be mistaken. *McMann v. Richardson*, 397 U.S. 759, 769–770, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763 (1970). Petitioner has the burden of demonstrating incompetence. *Tollett, Warden v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). In this case petitioner stated that the cook came toward him with a knife and therefore he acted in self defense in stabbing the cook. Under Wisconsin law, however, a claim of self defense is valid only if the claimant reasonably believed he was in imminent danger of death or great bodily harm. Section 939.48(2)(a), Wis.Stats. Since the petitioner himself stated only that the cook came toward him holding the knife, which he had been holding when petitioner entered the restaurant, and since the cook's statement was that as soon as he turned toward the door of the kitchen he was stabbed in the chest, petitioner's attorney could readily have concluded that any claim of self defense would be either legally or factually unsuccessful. "That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retroactive examination in a post–conviction hearing." *McMann v. Richardson*, supra, 397 U.S. at 770, 90 S.Ct. at 1448. Thus even if petitioner had a potentially viable claim of self defense, but his attorney advised him that he did not, that advice would not require this court to grant the petitioner's writ. See also *Akridge v. Hopper*, 545 F.2d 457 (5th Cir. 1977).

IT IS THEREFORE ORDERED that the application of the petitioner Michael Rene Carter for a writ of habeas corpus is denied.